No. 1,249.

RUSSELL *v.* EARL ET AL.

PRACTICE.—*When Court may Instruct Jury to Find for Defendant.*—
Where the evidence wholly fails to make a case against the defend-
ant, the court may instruct the jury to return a verdict for the de-
fendant.

OFFICE AND OFFICER.—*Good-Faith Performance of Official Duty.*—*Lia-
bility for Damages.*—If an officer (a member of the State Live Stock
Sanitary Commission) in good faith discharge the duties imposed
upon him by law, he is exempt from liability for harm resulting to
others by reason of such performance.

From the Tippecanoe Superior Court.

*J. Park,* for appellant.

*C. B. Stuart, W. V. Stuart* and *E. P. Hammond,* for
appellees.

Ross, J.—This was an action by the appellant to re-
cover the value of two dogs alleged to have been killed
by the appellees as members of "The State Live Stock
Sanitary Commission." After issue joined, there was a
trial by jury, and, under the direction of the court, a
verdict returned in favor of the appellees. The appel-
lant moved for a new trial, which was overruled and
judgment rendered on the verdict.

The only assignment, by the appellant, in this court,
is that the court below erred in overruling his motion
for a new trial.

The complaint contained three paragraphs; to the
second a demurrer was sustained, and to the first and
third demurrers were overruled.

Counsel for appellant insists that the court erred in
directing the jury to return a verdict for the appellees.

The first paragraph of the complaint charges "That

defendants [appellees] did, on the first day of February, A. D. 1892, wrongfully and unlawfully kill and cause to be killed two dogs, the property of this plaintiff [appellant], of the value of five hundred dollars.'' No evidence was introduced under this paragraph, hence we need not consider it further.

The third paragraph reads as follows: '' The plaintiff, by leave of court, files this the third paragraph of complaint, and says: That the before-named Adam Earl is president, and M. E. Knowles the veterinarian of the State Live Stock Sanitary Commission, and were at the time the matters hereinafter complained of.

''And plaintiff says that on or about the first day of February, 1892, the defendants, pretending to be acting as such president and veterinarian of the aforesaid State Live Stock Sanitary Commission, and under the color of their said offices, and pretending to act as such officers of said State Live Stock Sanitary Commission, did order this plaintiff to kill his two dogs, charging that said dogs were diseased ; that this plaintiff refused to kill said dogs, for the reason that said commissioner failed and refused to have said dogs appraised; that said commissioner ordered the sheriff of Tippecanoe county to arrest this plaintiff for refusing to obey the orders of said commissioner; that under the order and threat of arrest by said sheriff as ordered by said commissioner of said State Live Stock Sanitary Commission, this plaintiff caused said dogs to be killed, which this plaintiff avers to be true, that said defendants acted without authority of law; that said dogs had never been reported by any one to the secretary of the board of health of Tippecanoe county, as ever being affected with any disease, dangerous, contagious or infectious; that said secretary never reported as being diseased to said sanitary commissioner; that said dogs were not diseased;

that said dogs, killed as aforesaid, were the property of the plaintiff, were of the value of five hundred dollars, and damage to plaintiff five hundred dollars."

The act of March 9, 1889, p. 380 (sections 2871–2894, R. S. 1894), creating "The State Live Stock Sanitary Commission," and defining its powers and duties, provides that in order to protect the health of domestic animals of the State from all contagious or infectious diseases of a malignant character, and when, in the opinion of the commission, it shall be necessary, in order to prevent the spread of such disease, to destroy the affected animals, it shall cause them to be slaughtered. The manner in which they are to proceed is also pointed out, but we need not consider that part of the act at this time.

In this paragraph of the complaint it is alleged that Adam Earl was president, and M. E. Knowles, veterinarian of "the State Live Stock Sanitary Commission," and that on the 1st day of February, 1892, while acting as such and under the color of their offices, they ordered the appellant to kill his two dogs, charging that they were diseased; that upon his refusal to kill them, the appellees ordered the sheriff of Tippecanoe county to arrest him, and that under the threat of arrest by the sheriff appellant caused his dogs to be killed.

An officer who in good faith discharges the duties imposed upon him by law is exempt from liability for harm resulting to others by reason of such performance. For when the law requires a thing to be done, it impliedly extends its protection to the doer.

The gist of the complaint is that the appellees pretending to act as members of the State Live Stock Sanitary Commission ordered the sheriff to arrest appellant for refusing to kill his dogs, and that he "under the order and threat of arrest by said sheriff as ordered by said commissioners" caused his dogs to be killed.

We have carefully read all the evidence introduced on the trial, and fail to find any evidence which in any way connects the appellee Earl with the killing of appellant's dogs. That he was president of the State Live Stock Sanitary Commission, and as such directed the appellee, Knowles, who was veterinarian of the commission, to investigate the condition of appellant's dogs is undisputed, but that he gave any order or direction to kill them is not supported by any evidence whatever.

The evidence also fails not only to show that the appellees directed the sheriff of Tippecanoe county to compel appellant to kill the dogs, and if he refused, to arrest him, but shows affirmatively that no such directions were ever given the sheriff by the appellees, or either of them.

The evidence is wholly insufficient to make a case against either of the appellees, and for that reason the court did not err in directing the jury to return a verdict in their favor.

Judgment affirmed.

Filed September 20, 1894.