## BURNS *v.* SMITH.

[No. 3,822.    Filed May 27, 1902.]

INFANTS.—*Appointment of Agent.*—*Negligence of Agent.*—An infant can not appoint an agent and thereby render herself liable for his negligent acts, and the fact that the infant was at the time married does not change the rule. *pp. 183, 184.*

TRIAL.—*Directing Verdict.*—Where the evidence introduced wholly fails to make out a case for plaintiff, it is the duty of the court to direct a verdict for defendant. *p. 184.*

APPEAL AND ERROR.—*Harmless Error.*—The action of the court in refusing evidence offered in behalf of plaintiff was harmless, where under the whole evidence, including that refused, plaintiff was not entitled to recover. *p. 185.*

From Morgan Circuit Court; *G. W. Grubbs*, Judge.

Action by Sherman Burns against Edith Smith for damages for personal injuries. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. D. Rose* and *O. Matthews*, for appellant.
*C. G. Renner* and *J. C. McNutt*, for appellee.

WILEY, C. J.—Appellant was plaintiff below and prosecuted this action to recover damages alleged to have resulted from the negligence of appellee. The facts upon which he based his action are stated in the complaint as follows: That appellee owned a tract of land in Morgan county upon

which there was growing timber; that she desired to have such timber cut into sawlogs and hauled to a mill; that appellant was employed by appellee to assist in cutting such logs and loading them on wagons; that while engaged in such service, appellee's foreman and agent, one Edward Smith, who was in charge of said work, and who was acting for and in the place of appellee, ordered and directed appellant to assist in loading a log upon a wagon; that there were then five logs on said wagon, and that said Smith wanted to put another log on the top of said five logs; that, pursuant to said direction, appellant, said Smith, and three other men in appellee's employment, took hold of the log and rolled it upon skids, by hand, to near the top of the other logs on the wagon, when the said foreman, seeing that the log could not be loaded in that way, the log getting out of reach before getting in place, and that while said log was on the skids above the heads of the men, negligently and carelessly gave the command: "Let her go to —— boys; we can't hold it;" that appellant was near the center of the log between the skids, with no means of escape except to let go and run from the wagon; that the log was so heavy that he could not hold it and was compelled to let go and run; that in attempting to get out of the way he was run down and over by the log and injured.

The appellee answered by general denial. The cause was tried by a jury, and, upon the close of appellant's evidence, the court, upon appellee's motion, directed a verdict for her. Appellant moved for a new trial upon the ground that the verdict was not sustained by sufficient evidence, and was contrary to law; that the court erred in excluding and in striking out certain evidence, and in directing a verdict against appellant.

The appellant has assigned as error the overruling of his motion for a new trial. If appellee can be held liable under the facts charged in the complaint, it must be upon the theory disclosed by the pleading, and that is that appellant

was employed by appellee to assist other men in cutting timber and loading logs, and that it was actionable negligence, for which appellee is liable, for Smith, as agent and foreman of appellee, to say, while appellant and others were loading the log: "Let her go to — boys; we can't hold it."

The evidence discloses that at the time appellant was employed and when he was injured, appellee was a married woman, and only seventeen years old. Edward Smith, who was her husband and alleged agent, was twenty-four years old. The evidence wholly fails to show that Edward Smith had any authority to act for appellee so far as controlling, employing, or directing the men engaged in cutting and loading the timber. The evidence shows that two men by the name of Johnson and Vest had the contract to cut the timber, and appellant was helping them at the request of appellee's husband. Appellee's husband had a team and was hauling logs with it. Other persons with teams were also hauling.

We gather from what is said in the briefs and what appears from the record, that the court directed a verdict for appellee upon the ground that she, being an infant, could not appoint an agent, and thus render herself liable for his negligent or tortious acts. If appellee had not the power to appoint an agent, then she would not be liable for his acts. It has been frequently held that an infant can not appoint an agent, and that such act is absolutely void. *Trueblood* v. *Trueblood,* 8 Ind. 195, 65 Am. Dec. 756; *Tapley* v. *McGee,* 6 Ind. 56; *Fetrow* v. *Wiseman,* 40 Ind. 148; 1 Am. & Eng. Ency. of Law (2d ed.), 940. The rule holding that an infant can not appoint an agent, and that such an appointment is absolutely void, rests upon the proposition that an infant can not enter into a binding contract.

The relation of principal and agent implies a contract, whereby the former delegates power to the latter to act for him or her within specified limits, and in this sense it is a contract of agency.

The marriage of an infant with the consent of the father is an emancipation only to the extent as to enable him to make contracts for his own services, and to apply his wages to the support of his family. Otherwise it does not enlarge his power to contract, nor does it remove the disabilities of infancy so that he is bound by his contracts, except for actual necessaries. Wood on Master and Serv., §§29, 32. See, also, *Harrod* v. *Myers,* 21 Ark. 592, 76 Am. Dec. 409; *Craig* v. *VanBebber,* 100 Mo. 584, 18 Am. St. 638, note. Cooley on Torts (2d ed.), 128, says: "As the doctrine *respondeat superior* rests upon the relation of master and servant, which depends upon contract, actual or implied, it is obvious that it can have no application in the case of an infant employer, and he, therefore, is not responsible for torts of negligence by those in his service." See *Robbins* v. *Mount,* 4 Robt. (N. Y.) 553; 33 How. Pr. 24.

The only tortious acts for which an infant can be made responsible are those committed by himself, or under his immediate inspection and express direction, and he can not otherwise be made liable for the wrong of those assuming to act for him. In law, an infant can not become a master, or be responsible as a master for the negligence or want of skill of his agent or servant. As he can not create an agency, he can not appoint a servant, and, therefore, can not delegate powers to another. See *Robbins* v. *Mount, supra;* 16 Am. & Eng. Ency. of Law (2d ed.), 308; Cooley on Torts (2d ed.), 128.

The evidence, as disclosed by the record, under the authorities cited, wholly fails to make a case for appellant. In such case it was the duty of the court to direct a verdict. *Meyer* v. *Manhattan Life Ins. Co.,* 144 Ind. 439; *Russell* v. *Earl,* 10 Ind. App. 513; Elliots' Gen. Pr., §854.

Appellant offered to prove that appellee's husband came to him and said that his wife wanted some logs cut on her place, and got him (appellant) to assist in cutting them.

Over appellee's objection, the court refused to let him so testify. Appellee testified that she directed her husband to have the logs cut and hauled to the mill; that she had him see to the work, and that he did the work under her direction. Upon motion this evidence was stricken out.

The refusal to admit the above offered evidence of appellant, and in striking out the evidence of appellee, to which we have referred, is made the third and fourth reasons for a new trial. As this evidence went to the question of appellee's husband being her agent, it could not have affected the substantial rights of appellant, for the simple reason that appellee was incapacitated from appointing an agent by reason of her infancy. If it be conceded that the evidence was competent, the ruling upon striking it out and in refusing to admit it was harmless, for under the whole evidence, including that which was refused and stricken out, appellant was not entitled to recover. *Sutherland* v. *Cleveland, etc., R. Co.*, 148 Ind. 308; 2 Burns Index Digest, p. 613, §8, and authorities cited thereunder.

Judgment affirmed.