## DICKASON *v.* THE INDIANA CREOSOTING COMPANY.

[No. 22,072. Filed June 5, 1913.]

1. TRIAL.—*Directing Verdict.*—The action of the trial court in directing a verdict for defendant is not erroneous unless the direct evidence most favorable to plaintiff, together with facts reasonably and fairly inferable from them, taken in connection with uncontroverted facts, would have warranted a finding for plaintiff. p. 642.

2. MASTER AND SERVANT.—*Injury to Servant.—Common-Law Action.—Doctrine of Res Ipsa Loquitur.*—The doctrine of *res ipsa loquitur* cannot ordinarily be invoked in a common-law action by a servant against the master, although it may be invoked where the cause of action is predicated on the violation of a statute which absolves the servant from the consequences of contributory negligence and assumed risk. p. 642.

3. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause.*— Where a servant was injured by an explosion of gas while he was on top of a tank measuring the depth of oil therein through a manhole, the failure of the master to install a gauge by which the depth of the oil could be determined without going on top of such tank was not the proximate cause of the injury. p. 643.

4. MASTER AND SERVANT.—*Injury to Servant.—Negligence of Master.—Evidence.—Directing Verdict.*—Where the complaint, in an action by a servant for injuries caused by the explosion of gas in an oil tank, charged negligence of the master in locating the tank near a railroad and near a smokestack, and there was no proof that the gas was ignited by sparks from a locomotive or from the smokestack, the evidence was insufficient to authorize a verdict for plaintiff, and directing a verdict for defendant was not error. p. 643.

5. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause.*— In an action by a servant for injuries caused by an explosion of gas which was being generated in an oil tank, where there was no evidence that the explosion was caused by gas pressure, the master's failure to install a thermometer to measure the temperature of the oil was not the proximate cause of the injury. p. 643.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Milton L. Dickason against The Indiana Creosoting Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*W. H. Martin, H. P. Pearson, Ira C. Batman* and *H. C. Duncan,* for appellant.

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellee.

MORRIS, J.—This was a common-law action by appellant, for personal injuries, for alleged negligence. There are four paragraphs of complaint. It is alleged that appellee operated a plant for creosoting crossties, and appellant was one of its employes; that the plant was, among other things, equipped with a nontransparent metal cylindrical tank, thirty feet high, and thirty feet in diameter, with a top covered with sheet metal, containing a manhole, two feet in diameter, with a loose metal covering therefor; that the tank was used to receive and store creosote oil, taken from oil tanks, on railway cars; that it was located within a distance of from fifteen to fifty feet from the tracks of a railway, and about twenty-five feet distant from defendant's smokestack; that sparks were emitted from the smokestack and from locomotive engines on the railway, which were liable at any time to ignite gas, and cause an explosion; that the oil was pumped from the storage tank, to other tanks connected therewith, by pipes; that it was necessary to heat the oil before it could be pumped, which was done by means of metal coils located in the storage tank; that the tank was not provided with any thermometer, by means of which to determine the temperature of the oil contained therein, neither was it provided with any gauge for determining the depth of the oil in the tank, which was ascertainable only by measurement with a line and weight dropped by an

operative through the manhole. It is alleged that when heated, the oil gave off an inflammable gas, which was liable to be ignited by sparks, but appellant was ignorant of said facts; that immediately prior to the injury, appellant, at appellee's order, was engaged in pumping oil from the storage tank to other tanks on the premises; that the oil was heated, but ceased flowing from the storage tank, and appellant, in the line of his duties, climbed, by means of a ladder, to the top of the storage tank, removed the manhole covering, and was preparing to insert the line and weight to ascertain the amount, if any, of oil, that remained in the tank, when the tank exploded with great force, and caused serious injury to appellant; that the explosion was caused by gas generated from the oil in the storage tank. In the fourth paragraph it is alleged "that the gas in said storage tank on which he (appellant) was standing, in some way unknown to plaintiff, instantly exploded." In other paragraphs, negligence is specifically charged against appellee in four paragraphs, viz., (1) in locating the tank too near the railroad; (2) locating it too near the smokestack; (3) in failing to provide the tank with an oil gauge; (4) in failing to provide the tank with a thermometer.

A demurrer to each paragraph of complaint was overruled. The cause proceeded to trial, and the hearing of evidence, adduced by plaintiff, was concluded. On motion of defendant the court instructed the jury to find for defendant. The giving of the peremptory instruction is the sole error relied on. If the direct evidence most

1. favorable to plaintiff, together with facts reasonably and fairly inferable therefrom, taken in connection with uncontroverted facts, would have warranted a finding for plaintiff, by the jury, the action of the trial court was erroneous; otherwise it was not.

It is contended by appellant that the doctrine of

2. *res ipsa loquitur*, applies, and that defendant is liable, because the accident resulted from a gas explosion,

even though the cause thereof was unknown. This contention cannot prevail. The doctrine of *res ipsa loquitur* cannot ordinarily be invoked in a common-law action by a servant against the master. *National Biscuit Co.* v. *Wilson* (1907), 169 Ind. 442, 82 N. E. 916, and cases cited. Where the cause of action is predicated on the violation of a statute which absolves the servant from the consequences of contributory negligence and assumed risk, the doctrine may be invoked. *Indiana Union Traction Co.* v. *Abrams* (1913), 180 Ind. —, 101 N. E. 1.

3. The lack of a gauge was not the proximate cause of the injury. It is true appellant would not have had occasion to go on top of the tank, if there had been a gauge, but he might have been in a more dangerous location. There is no causal connection between the injury and the failure to install a gauge. *City of Franklin* v. *Smith* (1911), 175 Ind. 236, 93 N. E. 993, and cases cited.

4. There was no direct evidence that the gas was ignited by sparks from the smokestack, nor was there any evidence given from which such fact might have been fairly and reasonably inferred. The plaintiff testified that just before the explosion he heard cinders rattling on top of the tank, but he said they did not come from the smokestack, and there was no train in the vicinity. There was no evidence given from which the jury would have been warranted in inferring that the gas was ignited by cinders or sparks from the smokestack, or railway locomotive.

5. There was no causal connection between the explosion and the failure to install a thermometer. Under the evidence, the jury would not have been warranted in finding that the explosion was caused by gas pressure, and would not have been warranted, only, in finding that the explosion was caused by ignition of the gas. A thermometer would have performed no function in preventing gas ignition.

The only sources of ignition alleged were the smokestack

and railway locomotives. There was no proof of either. A valid recovery must be based on facts alleged in the complaint. There was no error in giving the peremptory instruction. Judgment affirmed.

NOTE.—Reported in 102 N. E. 1. See, also, under (1) 38 Cyc. 1576; (2) 26 Cyc. 1411, 1446; (3) 26 Cyc. 1149, 1442; (4) 26 Cyc. 1460, 1462; (5) 26 Cyc. 1149. As to the application of *res ipsa loquitur* to a case where the injured person may have been aware of the risk and have assumed it, see 113 Am. St. 999. As to proximate and remote cause, in cases of alleged negligence, see 36 Am. St. 807. On the question of the applicability of the maxim *res ipsa loquitur* as between master and servant generally, see 6 L. R. A. (N. S.) 337; 16 L. R. A. (N. S.) 214.