## STATE OF INDIANA *v.* McCAFFREY.

[No. 22,393. Filed January 8, 1914. Rehearing denied
February 4, 1914.]

1. TRIAL.—*Directing Verdict.*—Where there is no evidence author-
izing a verdict for plaintiff, a charge directing a verdict for de-
fendant is not error. p. 201.

2. WEIGHTS AND MEASURES.—*Criminal Prosecution.*—*Directing Ver-
dict.*—The proprietor of a store must know that no false weights
or measures are being used in his business, and where, in a prose-
cution for the sale of potatoes by short measure, there was some
evidence from which the inference could have been properly
drawn that defendant was the owner of the store in which the
potatoes were bought, an instruction directing a verdict for de-
fendant was erroneous. p. 202.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Prosecution by the State of Indiana against Hugh Mc
Caffrey. From a judgment of acquittal, the State appeals.
*Appeal sustained.*

*Thomas M. Honan,* Attorney-General, and *Thomas H.
Branaman,* for the State.

*David E. Rhodes,* for appellee.

ERWIN, J.—This was a prosecution against appellee on
an affidavit filed in the circuit court, in which it was charged
that appellee through his agent and servant, sold to one
Fred Rayburn a quantity of potatoes represented to be a
peck, when in truth and in fact it was less than a peck. A
trial was had and evidence heard on the part of the plain-
tiff and the defendant. At the close of the evidence, the
defendant moved the court for a peremptory instruction to
the jury to acquit the defendant on the grounds "that no
evidence in the cause showed proof of all the elements neces-
sary to constitute an offense under the law; and for the
further reason that the defendant has in no manner been
connected with the offense charged, or that he had any
knowledge or connection in any manner with the act

charged,'' which motion was by the court sustained and a verdict for the defendant was ordered by the court.

The action of the court in sustaining said motion is assigned here as error by appellant. In view of the insistence of the attorney for the appellant that the court erred in directing the verdict for the defendant, we have examined and read in its entirety the bill of exceptions containing the evidence. In the evidence of John Owen Fisher, the party from whom the State claims the potatoes were bought, appears the following: ''Q. What is your employment, if you have any? A. My employment, manager of the department store. Q. State to the court what department store it is you are manager of. A. McCaffrey & Co. Q. I will ask you Mr. Fisher if this is Hugh McCaffrey whom you manage his store? A. Yes, sir.'' In the further examination of John Owen Fisher, and as a part thereof there was introduced in evidence, by agreement of parties, a bag used for wrapping goods at the store in question, containing the following. ''McCaffrey & Co. Department Store. * * * Every purchase guaranteed satisfaction or your money refunded.'' Further on, in the examination of Harvey G. Boyd, the prosecuting witness, this question was put to the witness by Mr. Bailey, the attorney for appellant, ''Mr. Boyd, when you found that measure in the room of McCaffrey & Company, you have testified that you knocked the dents out of it and tested it?''

Where there is no evidence authorizing a verdict for plaintiff, a charge directing a verdict for defendant is not error. State v. Julian (1883), 93 Ind. 292; Jennings v. Ingle (1905), 35 Ind. App. 153, 73 N. E. 945; Haughton v. Aetna Life Ins. Co. (1905), 165 Ind. 32, 42, 73 N. E. 592, 74 N. E. 613, and cases cited. Wamsley v. Cleveland, etc., R. Co. (1908), 41 Ind. App. 147, 82 N. E. 490, 83 N. E. 640.

The proprietor of a store must know that no false weights or measures are being used in his business, and on failing to

do so must suffer the penalty. There was some evi-
2. dence from which the inference could have been prop-
erly drawn, that Hugh McCaffrey was the owner of
the store in which the potatoes were bought, and this ques-
tion should have been submitted to the jury and the court
erred in instructing the jury to return a verdict for the
defendant.

Appeal sustained.

NOTE.—Reported in 103 N. E. 801. See, also, under (1) 38 Cyc.
1576; (2) 40 Cyc. 887. As to what is deemed to be invasion by the
court of the province of the jury, see 14 Am. St. 36.