SEARS *v.* MORAN.

[No. 28,072. Filed March 6, 1945.]

*Roscoe D. Wheat,* of Portland, for appellant.

*Barnes, Hickam, Pantzer & Boyd* and *Floyd W. Burns,* all of Indianapolis, and *Robert Smith* and *Frank Jaqua,* both of Portland, for appellee.

GILKISON, J.—This is an action to collect damages for the alleged wrongful death of Horace Sears. The complaint is in two paragraphs, in the first it is alleged that on May 30, 1942, the appellee, James J. Moran, employed Oscar Moore to drive his automobile for him, and that pursuant to said employment and at the direction of the defendant, Moore drove defendant around in the automobile for a while and then returned him to his law office, at which point the defendant alighted from the automobile, "and then and there directed Moore as to his further duties regarding said auto-

mobile . . ." That pursuant to said further orders and directions, Moore drove the automobile over the streets of the city of Portland and the public highways of Jay County. The complaint then, by proper averments, shows that while Moore was so driving defendant's automobile at said time, and because of his negligence he had a collision with an automobile in which Horace Sears was riding causing injuries to Sears which resulted in his death.

The cause was put at issue and tried by jury. At the conclusion of plaintiff's evidence, a motion for a peremptory instruction for defendant was sustained, and judgment was duly rendered for defendant. Motion for new trial was overruled, proper exceptions were reserved, and the cause appealed.

The question before us for determination is whether the evidence in the record is sufficient to sustain each of the material averments of the first paragraph of the complaint. In her brief the appellant, in substance, abandons her second paragraph of complaint, saying "The only point for this Appellate Court to decide on this appeal is: Was Oscar Moore acting in the course of his employment at the time of the collision which caused the death of the decedent, Horace Sears?" The briefs of the parties are devoted solely to this point. We shall confine this opinion to a decision of that proposition.

In determining that proposition, we shall consider only the evidence most favorable to the appellant, and accept all inferences favorable to appellant that may be reasonably drawn from the evidence.

And if there is any evidence, or any reasonable inference, that can be drawn from the evidence, showing that at the time of the collision alleged, Oscar Moore was acting in the line of his duties, under his employ-

ment by appellee, the disputed proposition will be deemed sufficiently proven. *Oleson* v. *Lake Shore and Michigan Southern Railway Company* (1896), 143 Ind. 405, 410, 42 N. E. 736, 32 L. R. A. 149. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592.

We shall not attempt to weigh the evidence, but we must examine it to ascertain whether there is any legal evidence, or reasonable inference, that the jury might properly consider as establishing the disputed proposition. *Weis* v. *City of Madison* (1881), 75 Ind. 241, 254, 39 Am. Rep. 135.

In his answer the defendant admitted that on May 30, 1942, he hired one Oscar Moore to drive defendant's automobile to the cemetery and back, so that defendant and his wife might visit the cemetery. That after visiting the cemetery defendant directed Moore to drive to defendant's law office at Portland, where defendant got out of the car, and directed Moore to drive defendant's wife home, and return the car to the center of Portland, park it at a convenient place and immediately bring the keys to defendant at his office. This is the extent of defendant's admission concerning the questioned proposition of evidence. We have carefully read the evidence of the witnesses as found in the record and find nothing therein on the questioned proposition. The evidence shows that after taking Mrs. Moran home, Moore drove defendant's automobile in the alley back of the Adair Hotel in Portland, where he picked up Paul Farris and they then drove the car to Fort Recovery, some 10 miles from Portland, stopping at "Eddie Masts" on the way; at Fort Recovery they parked the car and went to "Sox's Place," drank some beer, then went to "Meinerding's" where Farris drank more beer. Then they started back to Portland, and had the fatal collision, in which Mr.

Sears was killed, at the junction of the Miller Road and Boundary Pike, about a mile from Portland, while on the way back.

This was all the evidence in any way relating to the proposition in question. Appellant insists that while Moore was returning the car from Fort Recovery to Portland the jury had a right to infer he was acting in the line of his employment as a hired driver of defendant's automobile, even though he was on his own private mission in going to Fort Recovery. The suggestion is an ingenious one. But if it be admitted that Moore was not acting in the line of his employment when he took the car from Portland to Fort Recovery, but was then on his own mission and acting in violation of his employer's expressed directions, no legitimate inference could possibly arise, that he had returned to his employer's service and was acting in the line of duty as soon as he started back to Portland. If Moore was on his own mission in driving the automobile to Fort Recovery, he was completing that mission in returning it to Portland. He could not have been on any mission for the defendant.

Before the defendant could be held liable in damages for the act of Moore, there must be some legal evidence, or reasonable inference that at the time of the collision Moore was acting in the line of his duties as an employee of defendant. *Meyer, Administrator* v. *The Manhattan Life Insurance Co.* (1896), 144 Ind. 439, 446, 447, 43 N. E. 448; *Dickason* v. *Indiana Creosoting Co.* (1913), 179 Ind. 640, 642, 102 N. E. 1; *State* v. *McCaffrey* (1914), 181 Ind. 200, 103 N. E. 801; *Russell* v. *Earl* (1894), 10 Ind. App. 513, 38 N. E. 76; *Borg* v. *Larson* (1916), 60 Ind. App. 514, 518, 519, 111 N. E. 201; *Snyder* v. *N. Y. Cent. R. R. Co.* (1935), 101 Ind. App. 258, 273, 194 N. E. 796; *Sanders*

v. *Ryan* (1942), 112 Ind. App. 470, 474, 475, 41 N. E. (2d) 833.

A careful examination of the record discloses that there is no evidence therein, and no reasonable inference therefrom that at the time of the alleged collision Moore was acting in the line of his duties as an employee of the defendant. The judgment of the court below is therefore affirmed.

Note.—Reported in 59 N. E. (2d) 566.