Sharon Lee GREEN, Appellant,
(Respondent Below),

v.

Charles D. GREEN, Appellee,
(Petitioner Below).

No. 4–1281A209.

Court of Appeals of Indiana,
Fourth District.

Jan. 24, 1983.
Rehearing Denied March 28, 1983.
Order March 31, 1983.
Transfer Denied June 21, 1983.

M. Anne Wilcox, Ralph Ogden, J. William Du Mond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Duge Butler, Jr., Butler, Brown, Hahn & Little, P.C., Indianapolis, for appellee.

## MEMORANDUM DECISION

CONOVER, Judge.

Sharon L. Green, respondent-appellant, and Charles D. Green, petitioner-appellee, were divorced September 27, 1971. The decree entered on that date ordered Charles to pay $15.00 per week child support for each of his three children, Teresa, Lisa and Barbara. On December 12, 1979, Sharon filed a petition in Marion Superior Court to modify the divorce decree, asking for an increase in child support to $60.00 per week for each child. A hearing was held on June 26, 1981, and the court entered its order on the same day as follows:

"Comes (sic) now the parties in person and by their respective counsel. Evidence heard. The court now finds. 1. That the eldest child of the parties, namely; Terese (sic), is emancipated due to her marriage. 2. That the petitioner (husband) shall pay respondent (wife) the amount of $35.00 per week, per child, for the tow (sic) remaining children. 3. That the petitioner shal (sic) pay all medical and dental expenses of the remaining two children through his insurance at Allisons. 4. That petitioner (husband) shall pay respondents (sic) (wife) attorney the sum of $300.00 within 90 days. 5. That if petitioner (husband) is availed of unhampered visitation with his children, he shall provide as (sic) reasonable amount of clothing for his two minor children, whether he exercised that unhampered visitation or not."

Sharon filed a motion to correct errors, which was granted in part, the court striking the portion of the order relating to visitation, and otherwise denied the motion. Sharon appeals.

Affirmed.

ISSUES

1. Whether the modification of the support order should have been made retroactively effective to the date the petition was filed.

2. Did the court improperly exclude evidence of Charles's net worth?

3. Whether the court erroneously ruled Charles and Sharon's daughter Teresa was emancipated as a matter of law.

4. Whether the court abused its discretion in increasing child support by $20 per week per child.

5. Was the trial court prejudiced as evidenced by his own remarks regarding visitation privileges?

FACTS

Financial declarations submitted by Charles and Sharon revealed the following information: Charles's net monthly income was $1,316.08, an increase of $137 per month over his net income at the time the original support order was entered. Charles declared monthly living expenses of $1,411.44, including partial support for his second wife. He listed assets including a home, household goods, two automobiles, a boat, camper and a motorcycle having a total value of $30,775. He listed liabilities of $18,300.

Sharon listed a net monthly income of $417.80, not including the $45 Charles paid in child support. Sharon showed monthly living expenses of $947. Her only assets were an automobile valued at $1,500 and household goods worth $500 and no liabilities. Testimony also indicated that Teresa was contributing to her own support with a weekly income of $50.

Teresa, age 19, is married. Sharon testified Teresa had never left home, although married. Teresa and her husband lived with Sharon until the couple separated.

Teresa remained with Sharon and was in the process of obtaining a divorce.

Sharon testified her daughter Lisa, age 18, had a learning disability requiring special tutoring. Sharon paid $24 per week for this training but was forced to discontinue the special assistance due to its cost. In order to get special educational help for Lisa, Sharon moved her daughters to a different school district where Lisa could receive assistance through the school. Sharon testified she believed Lisa was receiving adequate help with her learning disability.

Sharon generally testified her income and child support were not adequate to meet her expenses. In her opinion she was unable to provide the children with an average life-style, adequate clothing and other necessities. She requested an increase in support to $75 per week per child.

Charles agreed the child support payments established in the divorce decree were inadequate but argued they should only be increased to $35 for each of the two younger children. He argued, and the court agreed, that Teresa was emancipated due to her marriage. Charles also stated he could discern no learning problem with daughter Lisa.

During closing remarks, Charles's attorney discussed over objection, Charles's difficulty in securing regular, unhampered visitation with his children. He stated that he had previously purchased clothing for his children but had ceased the practice due to the visitation dispute.

## DISCUSSION AND DECISION

### I. Effective Date of Order

The modification in child support was made effective on the date the modification order was entered into the record, June 26, 1981. Sharon argues the order should have been made effective on the date the petition was filed, December 12, 1979. In support of this argument Sharon cites *Bill v. Bill,* (1972) 155 Ind.App. 65, 290 N.E.2d 749.

■ In *Bill,* the trial court issued an order pendente lite, making child support during the period between filing and divorce retroactive to the date the parties

separated. The husband appealed, arguing that orders operate prospectively and the court is without authority to enter an order for retroactive support. The Court of Appeals disagreed, affirming the trial court and stating:

> Our previous allusion to 3–1216, stressed that statute's concern for the welfare of the children of the parties during the pendency of a divorce action. So pendente lite support orders are necessarily designed to maintain the status quo in order to cushion the shock of family disintegration. It is only logical that if the court here had jurisdiction over the parties and the subject matter on December 20, 1971, (and it is not contended otherwise), then it had the power under § 3–1216 to make any reasonable orders necessary to fulfill this purpose from the date it acquired such jurisdiction. By ordering payments to be made retroactively to August 20, 1971, the court attempted to maintain the status quo for the protection of the children.

*Id.* at 74, 290 N.E.2d at 754.

Sharon's position is this case authorizes the trial court to enter an order retroactive to the date the petition for modification is filed. We disagree. In Indiana all modifications of support orders operate prospectively. *Jahn v. Jahn,* (1979) Ind.App., 385 N.E.2d 488; *Kniffen v. Courtney,* (1971) 148 Ind.App. 358, 266 N.E.2d 72; *Haycraft v. Haycraft,* (1978) Ind.App., 375 N.E.2d 252. The *Bill* case is directed to the situation where a court makes an interim award of support pending the final dissolution of marriage and accompanying permanent support order. An interim award of support is often necessary to insure continued support for dependent minor children. *Bill* 155 Ind.App. at 74, 290 N.E.2d at 754.

■ A different factual setting is present when modification of an existing support order is sought. When a parent is paying support pursuant to a valid order the status quo is maintained and there is no need to alter those payments until the court determines that a modification is necessary. Be-

fore such a finding is made the court is without authority to modify the order, and thus may not make a retroactive modification. *Jahn, supra.*

## II. Evidence of Net Worth

Sharon attempted to introduce evidence of Charles's net worth and his ownership of certain assets. Charles objected to admission of the evidence, arguing that proof of Charles's assets was irrelevant because the court could not order Charles to liquidate his assets to pay child support. The objection was sustained and Sharon contends the court erred. We agree.

Among the statutory factors which must be considered when awarding child support is financial condition of each parent. Ind.Code 31–1–11.5–12. The trial court has broad discretion in the admission of evidence and may compel a supporting parent to present any relevant evidence bearing on his financial ability to pay child support. The court may compel a parent to liquidate assets to provide adequate support for minor dependents. *Wendorf v. Wendorf,* (1977) 174 Ind.App. 172, 366 N.E.2d 703; *Geberin v. Geberin,* (1977) 172 Ind. App. 255, 360 N.E.2d 41; *Dragoo v. Dragoo,* (1962) 133 Ind.App. 394, 182 N.E.2d 434. Therefore, evidence of a parent's net worth and assets are relevant subjects of inquiry in a proceeding to establish or modify child support.

This error is not reversible. All of the evidence which Sharon sought to admit was contained in Charles's financial declaration and was admitted into evidence at the hearing. We will not reverse if the evidence erroneously excluded was ultimately entered into the record. *Waugaman v. Gary Methodist Hospital of Gary, Inc.,* (1972) 151 Ind.App. 279, 279 N.E.2d 240.

## III. Emancipation of a Minor Child

Evidence presented at the hearing showed that daughter Teresa, was married and contributed to her own support as an employed person. Charles argued, and the court agreed, marriage is an emancipating event, and relieves a supporting parent of the duty to support. Ind.Code 31–1–11.5–12(d)(1). Sharon attempted to rebut this ruling with evidence that although Teresa was married she still relied upon Sharon for support. The court refused to admit this testimony and Sharon predicates error upon its refusal.

Emancipation frees a child from the care, custody and control of its parent for the remainder of the child's minority. *Stitle v. Stitle,* (1964) 245 Ind. 168, 197 N.E.2d 174. What constitutes emancipation is a question of law. *Brokaw v. Brokaw,* (1980) Ind.App., 398 N.E.2d 1385. However, whether there has been an emancipation is a question of fact. *Hayden v. Hite,* (1982) Ind.App., 437 N.E.2d 133. There are no presumptions of emancipation. It must be demonstrated from the attendant facts, *Allen v. Arthur,* (1966) 139 Ind.App. 460, 220 N.E.2d 658.

Indiana law recognizes several situations in which a minor child may place himself beyond the control and support of its parent. This may be done by voluntarily leaving the home of a parent and assuming responsibility for its own care. *Pocialik v. Federal Cement Tile Co.,* (1951) 121 Ind. App. 11, 97 N.E.2d 360. Emancipation may also occur when a minor child enters the military service. *Corbridge v. Corbridge,* (1952) 230 Ind. 201, 102 N.E.2d 764. The salient feature of these situations is the child creates a new relationship between itself and its parent, relieving the parent from the responsibilities of support. Marriage of a minor child creates a similar relationship. Once married, a dependent spouse no longer looks to its parent for support but relies instead upon the other spouse for support. *Welling v. Welling,* (1971) 257 Ind. 120, 272 N.E.2d 598. This duty continues until the marital state is dissolved. *Farley v. Farley,* (1973) 157 Ind. App. 385, 300 N.E.2d 375. An estranged spouse may look to the other for support pending the final dissolution of a marriage. Ind.Code 31–1–9–10.

The explicit recognition of marriage as an event which alters the traditional familial

relationship supports the conclusion that the marriage of a minor is an emancipating event. This is in accord with the majority of other jurisdictions which have explicitly held that marriage emancipates a minor child. Annot. A.L.R. 723, 745 (1946); 59 Am Jur 2d Parent and Child § 96 (1971), see cases cited therein.

■ Sharon directs our attention to *Burns v. Smith,* (1902) 29 Ind.App. 181, 64 N.E. 94, and posits even if marriage emancipates a minor, it does not relieve a parent of the obligation of child support. *Burns* does not support Sharon's argument. In that case the Court of Appeals only considered the legal authority of a married minor to appoint an agent. Although the court did not address the question raised here it did say:

> The marriage of an infant with the consent of the father is an emancipation only to the extent as to enable him to make contracts for his own services, and to apply his wages to the support of his family. Otherwise it does not enlarge his power to contract, nor does it remove the disability of infancy, so that he is bound by his contracts, except for actual necessaries.

*Burns,* 64 N.E. at 95. Sharon argues that statement limits the power of the parent to eschew his obligation to make child support payments. We do not agree. Regardless of the holding of that case, it is implicit within the quotation cited that minors become responsible for their own support when they marry. The court did not err when it held Teresa was emancipated as a matter of law.

### IV. Amount of Support

■ Sharon contends the court erred because its increase in support payments was too small in light of the facts. When a modification of support is reviewed on appeal we will only reverse upon a showing of abuse of discretion. *Tucker v. Tucker,* (1980) Ind.App., 406 N.E.2d 321. That is, the result reached must be clearly against the logic and effect of the facts and circumstances. *In Re Marriage of Osborne,* (1977)

174 Ind.App. 599, 369 N.E.2d 653. We will neither weigh the evidence nor substitute our judgment for that of the trial court. We consider only evidence favoring the decision of the trial court and reverse only if there is a complete failure of evidence supporting the decision below.

Sharon and Charles agree an increase in child support was warranted due to a change in circumstances, "so substantial and continuing" as to make the original support order unreasonable. Ind.Code 31–1–11.5–17. But Sharon contends the evidence should have resulted in a modification substantially greater than the $20 per week increase for each child.

■ Sharon presents argument based upon the national cost of living index and other extraneous sources to buttress her belief that that court's support order did not reflect the radical increase in the cost of living from 1971 to the time support was modified. Although this index is a valid scale upon which to base increases in child support, *Branstad v. Branstad,* (1980) Ind.App., 400 N.E.2d 167, we cannot consider it here as it was not presented at the hearing. We will not address issues raised for the first time on appeal. *Johnson v. Taylor Building Corp.,* (1978) 171 Ind.App. 674, 371 N.E.2d 404.

■ Sharon also requested $24 per week to pay for special educational assistance for Lisa. Although Lisa had previously received tutorial help with her learning disability, Sharon was forced to discontinue the tutoring due to cost. Sharon moved her family into a school district where Lisa could receive help with her learning disability. Sharon admitted the assistance Lisa received from the school was adequate. We do not think it was necessary for Sharon to receive further support to permit tutoring when the evidence showed Lisa was receiving adequate professional help. It is evident the trial court did consider, "the physical and mental condition of the child and his educational needs," Ind.Code 31–1–11.5–12(a)(3), and concluded Lisa was receiving adequate educational assistance through the public schools.

Sharon also contends the trial court further reduced the award of child support by striking the portion of the support order requiring Charles to purchase clothing for the children. We cannot predicate error on this matter. The striking was done in response to Sharon's motion to correct errors in which she argued the order was vague and unenforceable. A party who prevails on an objection cannot then cite the favorable ruling as evidence of prejudice. That would contradict the well established rule that an objection which has been sustained cannot serve as the basis for an appeal. *White v. Lafoon,* (1963) 135 Ind.App. 100, 192 N.E.2d 474.

### V. Prejudicial Remarks

Sharon finally directs our attention to certain statements made by the special judge at the close of evidence, arguing the remarks are conclusive proof of the trial court's prejudice. We have reviewed the remarks and cannot reach the same conclusion. Although the judge noted his personal difficulties in exercising visitation privileges, it was not done out of prejudice but rather by way of example to the parties. He admonished each parent not to be selfish in the matter of visitation but to cooperate in those matters which are in the best interests of the children. That is the standard applied when considering modifications of custody and support, *Marsico v. Marsico,* (1972) 154 Ind.App. 436, 290 N.E.2d 99. We do not think it was prejudicial error for the court to exhort the parents to apply the same standard in their own relations with their children. *Bechert v. Lehe,* (1974) 161 Ind.App. 454, 316 N.E.2d 394.

The Appellee's Request for Appellate Attorney Fees and Expenses is denied. The trial court's modification of support is affirmed.

YOUNG, P.J., and MILLER, J., concur.