

# IN THE
# Court of Appeals of Indiana

State of Indiana,

*Appellant*



FILED

Jan 12 2026, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Penny C. Lane, Michael G. Lane, and Keely Garrison,

*Appellees*

---

January 12, 2026

Court of Appeals Case No.
25A-DC-2328

Appeal from the Boone Circuit Court

The Honorable Lori N. Schein, Judge

The Honorable Robert W. Freese, Judge

Trial Court Cause No.
06C01-2202-DC-208

---

**Brown, Judge.**

[1] The State appeals the trial court's order finding S.L. emancipated and terminating his mother's child support obligation. We reverse.

## Facts and Procedural History

[2] On February 20, 2019, the Marion Superior Court entered a Decree of Dissolution of Marriage between Michael G. Lane ("Father") and Penny C. Lane ("Mother") under cause number 49D02-1802-DC-7507. The decree stated that the marriage produced three unemancipated children including S.L., born in December 2006, and awarded Mother legal and primary physical custody of the children.

[3] On February 24, 2022, Father filed a Verified Petition to Assume Jurisdiction, Change of Venue, and Modify Decree as to Custody, Support, and Parenting Time in the Boone Circuit Court under cause number 06C01-2202-DC-208 ("Cause No. 208").

[4] On August 25, 2022, Keely Garrison, S.L.'s adult sister, filed a Verified Petition for Appointment of Guardian of a Minor in cause number 79C01-2208-GU-105 ("Cause No. 105") alleging that Mother had "recently abandoned [S.L.] at a park in Zionsville," S.L. called the police, Child Protective Services was

notified, and a safety plan, which Mother signed, was entered that placed S.L. with Garrison. Appellant's Appendix Volume II at 129. On September 21, 2022, the Tippecanoe Circuit Court entered an order appointing Garrison as the guardian of S.L. in Cause No. 105.

[5] On May 4, 2023, the court in Cause No. 208 entered an order observing the guardianship in Cause No. 105, ordering Mother to pay $160 per week in third-party child support to Garrison for the care and support of S.L. beginning May 5, 2023, ordering Mother to pay $1,000 toward child support arrears owed to Garrison, and stating that "[t]his arrearage shall be paid at the rate of $25.00 per week until the arrearage is $0.00." *Id.* at 68. On June 7, 2023, the State filed an Appearance for Child Support in Cause No. 208.

[6] On July 10, 2025, Mother filed a Verified Petition for Termination of Guardianship in Cause No. 105 and alleged that S.L. had attained the age of eighteen years. Mother asked that the guardianship be terminated pursuant to Ind. Code § 29-3-12-1.[1] On July 12, 2025, the Tippecanoe Circuit Court entered an order terminating the guardianship which stated that "by operation of law, the appointment over [S.L.] has expired as a matter of law as of" S.L.'s eighteenth birthday. *Id.* at 149.

---

[1] Ind. Code § 29-3-12-1, which is titled "Conditions for termination of guardianship; effect of termination on guardianship powers" and falls under Article 3, which is titled "Guardianships and Protective Proceedings," provides that "the court shall terminate the guardianship of a minor upon . . . the minor's attaining eighteen (18) years of age . . . ."

On July 29, 2025, Mother filed a Verified Motion for Order of Emancipation and Support Termination Order under Cause No. 208. She asserted that S.L. was emancipated pursuant to Ind. Code § 31-16-6-6(b)(3)(A). In her motion, Mother referenced Cause No. 105 and asserted that the guardianship under that cause had terminated. That same day, the court entered an Order of Emancipation which found that "[p]ursuant to IC 31-16-6-6(b)(3)(A) the Parties' son, [S.L.], born December 16th, 2006, is not under the care or control of either parent or guardianship and has become emancipated as of December 16th, 2024 . . . ." *Id.* at 108. It found that, "[a]s a result of the emancipation, no legal duty of support is owed by either Party as of December 16th, 2024." *Id.* It ordered that "[a]ny involuntary child support received by the INSCCU after December 16th, 2024 shall be returned to" Mother. *Id.*

On August 4, 2025, the State filed a Motion to Correct Error in Cause No. 208 asserting that, despite having filed an appearance, it was not served with notice of the Mother's motion in accordance with Trial Rule 5 and was not afforded the opportunity to address the allegations in the motion. It asserted that the support order "was not issued under a guardianship cause number and [S.L.] turning 18 is not an emancipation for child support purposes under Indiana law in a dissolution case." *Id.* at 109. It argued that the age of emancipation for child support is nineteen years and continues past that age if the child is a full-time student in a secondary school "as the child in this case is." *Id.* at 110. On August 18, 2025, Mother filed a Statement in Opposition to Motion to Correct Error. On August 19, 2025, the court entered an order denying the State's

Motion to Correct Error. On September 18, 2025, the State filed a Notice of Appeal which listed the July 29, 2025 order and the August 19, 2025 order.

## Discussion

The State argues that the trial court erred in emancipating S.L. without any evidence that he placed himself outside of his parents' control or was self-supporting. It asserts that parents have a duty to support their children pursuant to Ind. Code § 31-16-6-6. It argues that "Mother cannot unilaterally relieve herself of her duty to support [S.L.] simply because she abandoned him." Appellant's Brief at 8. Mother cites Ind. Code § 31-16-6-6(b) and contends that "once a child is emancipated, child support must also terminate." Appellee's Brief at 8. She also asserts that "[t]he trial court could reasonably infer it was [S.L.'s] own initiative not to return to the care of either parent after turning eighteen (18) and that he is self-supporting." *Id.* at 8-9.

Generally, when an appellate court reviews a trial court's determination regarding the date of emancipation, we will neither reweigh the evidence nor assess the credibility of witnesses, and we will not set aside the finding of the trial court unless it is clearly erroneous. *Hirsch v. Oliver*, 970 N.E.2d 651, 657-658 (Ind. 2012). We will not reverse unless there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *Id.* at 658. We review the court's ruling on a motion to correct error for an abuse of discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied.*

[11] "What constitutes emancipation is a question of law; whether emancipation has occurred is a question of fact." *Hirsch*, 970 N.E.2d at 654 (citing *Dunson v. Dunson,* 769 N.E.2d 1120, 1123 (Ind. 2002)). "A party seeking emancipation must establish it by competent evidence. *Id.* at 655 (citing *Dunson*, 769 N.E.2d at 1123). "Emancipation cannot be presumed, but must be established by competent evidence by the party seeking emancipation." *Dunson*, 769 N.E.2d at 1123.

[12] Ind. Code § 31-16-6-6 is titled "Termination as modification of child support; emancipation of child" and provides:

> (a) The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:
>
> > (1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
> >
> > (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
> >
> > (3) The child:
> >
> > > (A) is at least eighteen (18) years of age;
> > >
> > > (B) has not attended a secondary school or postsecondary educational institution for the prior

four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and

(C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(4) The child is a full-time student in a secondary school (as defined in IC 20-18-2-18(a)) and a parent or guardian of the child files notice under subsection (c) advising the court that the child continues or will continue to be enrolled in secondary school. In this case, the child support:

(1) continues until; and

(2) terminates upon;

the child's graduation from secondary school.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) is on active duty in the United States armed services;

(2) has married; or

(3) is not under the care or control of:

(A) either parent; or

(B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

(c) Notice under subsection (a)(4) must:

(1) be filed with the court and provided to each party to the child support proceeding:

(A) not earlier than the date on which the child becomes seventeen (17) years of age; and

(B) not later than the date on which the child becomes nineteen (19) years of age; and

(2) include:

(A) proof of the child's enrollment; and

(B) the child's expected graduation date.

(d) If:

(1) a parent or guardian files a notice under subsection (a)(4); and

(2) an objection or request for a hearing is not filed by a party to the child support proceeding not later than thirty (30) days after the party receives the notice;

the court may, without holding a hearing, issue an order continuing child support through the date on which the child is expected to graduate.

[13] The Indiana Supreme Court "has stated that the purpose of the statute 'is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care

and support.'" *Hirsch*, 970 N.E.2d at 655 (quoting *Dunson*, 769 N.E.2d at 1124).

[14] Mother's July 29, 2025 Verified Motion for Order of Emancipation and Support Termination Order and the trial court's Order of Emancipation both cited Ind. Code § 31-16-6-6(b)(3)(A). In *Dunson*, the Indiana Supreme Court addressed Ind. Code § 31-16-6-6(b)(3) and disagreed with a panel of this Court's decision that emancipation requires only that a child not be under the care or control of either parent. 769 N.E.2d at 1123. The Indiana Supreme Court held: "Rather, we reaffirm the longstanding view that emancipation requires that (1) the child initiate the action putting itself outside the parents' control and (2) the child in fact be self-supporting." *Id.* at 1123-1124. The Court observed that Ind. Code § 31-16-1-2 "states that '[t]he purpose and policy of [31-16-6 is] to provide for child support.'" *Id.* at 1124 (quoting Ind. Code § 31-16-1-2). The Court held:

> We believe the legislature's intent in enacting the emancipation statute is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support. Reading subsection (b)(3) in isolation to permit emancipation of children who are no longer under parents' care or control conflicts with this underlying purpose. If this "automatic emancipation" is permitted, parents are permitted to "divorce their children" and avoid paying child support simply by sending their children to live with a third party or, worse yet, just throwing the child out of the house.

*Id.*

[15]   The Court observed that, in 1984, the legislature "enacted what is now subsection (b), which provides that a child who joins the United States armed services, gets married, or is not under the care and control of either parent is emancipated." *Id.* It held that "[t]his language evolves from prior case law," *id.*, and discussed *Green v. Green*, 447 N.E.2d 605 (Ind. Ct. App. 1983), *trans. denied*, which involved the emancipation of a married daughter, and where the Court "identified several situations in which a minor child may place itself beyond the control and support of its parent, including entering the military and 'voluntarily leaving the home of a parent and assuming responsibility for its own care.'" *Id.* (quoting *Green*, 447 N.E.2d at 609). The *Green* Court concluded that "marriage of a minor child creates a similar relationship, and also emancipates the child." *Id.* (citing *Green*, 447 N.E.2d at 610). The *Dunson* Court held that "the legislature intended to adhere to *Green* by enacting subsection (b), and did not intend to permit emancipation without the child's active participation." *Id.*

[16]   The Court held that "the statutory phrase 'not under the care and control' carries with it the implication that the child must be the one who 'creates a new relationship' or 'voluntarily leaves home.'" *Id.* It held:

> The language of subsection (b)(3), viewed in isolation, leads to the conclusion that neither self-support nor initiative of the child is required for emancipation. Here, however, we think both stare decisis and legislative acquiescence support the view that subsection (b)(3) requires that the child must in fact be supporting itself to be emancipated. The idea that children must be supporting themselves to be emancipated has been a part of

Indiana case law since at least 1952. *Corbridge v. Corbridge*, 230 Ind. 201, 208, 102 N.E.2d 764, 767 (1952) (child deemed emancipated because he was in military and could support himself, but "if the child becomes unable to support itself, the father's duty [to support the child] revives"). "When the legislature enacts a statute in derogation of the common law, this Court presumes that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication." *Bartrom v. Adjustment Bureau, Inc.*, 618 N.E.2d 1, 10 (Ind. 1993).

* * * * *

The view that emancipation requires that "the child place herself" beyond the parents' control has been frequently assumed or restated since subsection (b)(3) was enacted. Subsequent case law has also maintained the self-supporting component of emancipation in interpreting the emancipation statute. *See e.g., Young v. Young*, 654 N.E.2d 880, 883 (Ind. Ct. App. 1995), [*reh'g denied*,] *trans. denied* ("Our inquiry under [subsection (b)(3)] is whether the child is in fact supporting herself without the assistance of her parents."); *Taylor v. Chaffin*, 558 N.E.2d 879, 883 (Ind. Ct. App. 1990) ("Our inquiry under [subsection (b)(3)] is not whether the child is capable of supporting herself but whether the child is in fact supporting herself without the assistance of her parents."). Indeed, in *Quillen* [*v. Quillen*, 671 N.E.2d 98, 100 (Ind. 1996)], this Court adopted and incorporated by reference a Court of Appeals opinion interpreting subsection (b) to that effect. The court there stated, "To determine whether a child has placed herself beyond the control, custody and care of either parent, we consider whether the child is in fact supporting herself without the assistance of her parents." *Quillen* [*v. Quillen*, 659 N.E.2d 566, 576 (Ind. Ct. App. 1995), *reh'g denied, vacated in part and adopted in part*, 671 N.E.2d 98 (Ind. 1996)]. Elimination of self-support and the child's initiative as components of emancipation would be a radical departure from precedent. It would seem to permit parents to liberate themselves from support

obligations by unilateral action. In view of the frequently recited judicial assumption that the statute retained these, we do not think the 1984 amendment effected such a drastic change by omission.

*Id.* at 1124-1125 (footnote omitted).[2]

[17] We note that the trial court did not hold a hearing before granting Mother's Verified Motion for Order of Emancipation and Support Termination Order on the same day that Mother filed her motion. We also observe that Mother's motion made no assertions that S.L. initiated an action placing himself outside her control or that S.L. was self-supporting. In light of Ind. Code § 31-16-6-6 and the holding in *Dunson* that "[e]mancipation cannot be presumed, but must be established by competent evidence by the party seeking emancipation," and its conclusion that "emancipation requires the child's initiative and the child's self-support," *id.* at 1123, 1125, we conclude that the record does not support that emancipation of S.L. occurred such to terminate Mother's child support.[3]

---

[2] We note that Ind. Code § 31-16-6-7 provides that, "[u]nless otherwise agreed in writing or expressly provided in the order, provisions for child support are terminated . . . by the emancipation of the child . . . ." This statute was added in 1997 and has not been modified. We cannot say that this statute impacts our analysis.

[3] To the extent Mother argues that the State's Motion to Correct Error was an unverified pleading that was not supported by an affidavit with respect to S.L.'s schooling and appears to argue that the trial court was precluded from considering S.L.'s schooling pursuant to Ind. Trial Rule 59(H), which provides that "[w]hen a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion," we conclude that, even assuming that the State was required to file an affidavit regarding S.L.'s schooling, reversal is still proper in light of *Dunson*.

For the foregoing reasons, we reverse the trial court's order finding S.L. emancipated and terminating Mother's child support.

Reversed.


Felix, J., and Scheele, J., concur.

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Attorney General of Indiana

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana


ATTORNEY FOR APPELLEE PENNY LANE

Tara L. Cragen
CohenMalad, LLP
Indianapolis, Indiana