Mary J. JAHN (Ward), Appellant (Petitioner),

v.

Linus O. JAHN, Appellee (Respondent below).

No. 1–478A89.

Court of Appeals of Indiana, First District.

Feb. 12, 1979.

---

■■■■■■■■■■■■■■■■

Howard A. King, Jasper, John L. Niblack, Washington, for appellant.

Linus O. Jahn, in pro. per.

ROBERTSON, Judge.

■ Before discussing the merits of this appeal, we note that appellee's counsel has not favored us with an answer brief; therefore, appellant need only make a *prima facie* showing of reversible error in order to reverse the trial court's decision.[1]

The marriage of Mary J. Jahn (Ward) (hereinafter Wife) and Linus O. Jahn (hereinafter Husband) was dissolved on March 14, 1974. The portions of that judgment pertinent to this appeal are as follows:

. . . that two children Phillip Matthew Jahn, born June 27, 1965 and Brenda Jane Jahn, born March 29, 1971 were born as the fruits of this marriage; that both Plaintiff and Defendant are fit and proper persons to have custody of said children; that plaintiff have care and custody of said children until further order of the Court; that defendant pay the sum of $50.00 per week for the support and maintenance of his children with the first payment due Friday, March 15, 1974 and a like payment each Friday thereafter until further order of the Court; That Defendant have reasonable visitation rights with his children, said visitation rights to include but not be limited to having his children visit with him two weeks out of each year. That defendant pay plaintiff the sum of $1,000.00 as property settlement herein.

 \* \* \* \* \* \*

and defendant should have the income tax exemptions of the two children as long as the payments herein are current; that defendant be responsible for the reasonable medical, dental and optometric expenses of his minor children; that defendant pay an additional attorney fee of $50.00 within 30 days of this date for use and benefit of plaintiff's attorney and defendant pay the costs herein.

The Husband paid the child support except for those times when the children were in his custody for more than a weekend. Wife filed a Petition for Citation to hold Husband in contempt for support arrearages in the amount of $345.00. Wife also prayed in her petition for an increase in the amount of support, for attorney's fees, and for a declaratory judgment entitling her to at least one tax exemption. The trial court denied Wife's petition in all respects and Wife appeals the denial of each.[2]

Affirmed in part, reversed in part.

The trial court found that Husband was not in contempt since he was not responsible for paying support when the children were in his custody.

■ In *Biedron v. Biedron,* (1958) 128 Ind.App. 299, 148 N.E.2d 209, the Appellate Court of Indiana said, "in this state after support installments have accrued, the court is without power to reduce, annul or vacate such orders retrospectively, and therefore, the court committed error in attempting to do so." (Citations omitted). Therefore, payments must be made in the manner, amount, and at the times required by the support order embodied in the divorce decree until such order is modified or set aside. *Stitle v. Stitle,* (1964) 245 Ind. 168, 197 N.E.2d 174. Indiana does permit cancellation or modification of support orders as to future payments; but, all modifications operate prospectively. *Kniffen v. Courtney,* (1971) 148 Ind.App. 358, 266 N.E.2d 72; *Haycraft v. Haycraft,* (1978)

---

1. *Costanzi v. Ryan,* (1978) Ind.App., 370 N.E.2d 1333.

2. Although Wife alleges error in the denial of attorney's fees in her motion to correct errors, she concedes in her brief that in view of the trial court's ruling she is not entitled to attorney's fees. Having so conceded, it is not necessary to address this allegation.

Ind.App., 375 N.E.2d 252. We therefore find that Husband was in contempt of court, and that the trial court should provide him with an opportunity to purge himself of contempt by tendering the support arrearages owed.

Wife's second allegation is that she should be able to claim at least one child for tax exemption purposes.

The Internal Revenue Code, I.R.C. § 152(e) provides the "support test" for children of divorced parents. Subsection (e)(2) is the pertinent provision:

(2) *Special rule.*—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600.00 for the support of such child during the calendar year, *or* [our emphasis]

(B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.

■ Appellant concedes that Husband provides more than $1,200.00 per annum for each child but contends that she "clearly established" that she provided more support than Husband as required by § 152(e)(2)(B)(ii). We note, however, that Husband need only fulfill the elements of *either* subsection (A) *or* (B). The dissolution decree provided that Husband should be entitled to the deduction as mandated in subsection (A)(i). Moreover, the evidence showed that he also provided at least $600 for support of each child as required by subsection (A)(ii). Since Husband met these criteria, we do not believe the trial court abused its discretion in allowing Husband to continue to claim the children as dependents.

The final issue to be addressed concerns the trial court's refusal to grant Wife an increase in the amount of child support. In so ruling, the trial court found that Wife had failed to present evidence showing an increase in earnings by Husband which would justify a modification upward. Wife contends that Husband, not she, had the burden of presenting evidence of his financial condition. Therefore, she argues that the trial court's refusal to increase the amount of support because of her failure to present evidence of Husband's earnings constituted an abuse of discretion and was contrary to law. We do not agree.

Wife relies heavily on *Crowe v. Crowe,* (1965) 247 Ind. 51, 211 N.E.2d 164, for her proposition that the burden of proof was to be borne by Husband. This reliance is misplaced. In *Crowe,* the posture of the parties was opposite to our situation here. In that case, the Husband was appealing the trial court's grant of the Wife's petition to increase the support award. Therefore, that case is inapplicable to the case at bar.

■ Modification with respect to child support "shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Ind.Code 31–1–11.5–17 (Supp.1978). It is, therefore, incumbent upon the petitioner to make this required showing. *Macauley v. Funk,* (1977) Ind.App., 359 N.E.2d 611. When confronted with such a petition to modify, the trial court must consider the totality of the circumstances involved in

order to ascertain whether the modification is warranted. *Carlile v. Carlile,* (1975) Ind. App., 330 N.E.2d 349. Upon examination of the evidence presented, we do not believe the trial court abused its discretion in denying Wife's petition.

Accordingly, the decision of the trial court regarding income tax deductions and modification of support is affirmed in part and reversed on the contempt citation in part and remanded for further proceedings not inconsistent with this opinion.

LYBROOK, P. J., and LOWDERMILK, J., concur.