■ In the Matter of WENDY CONOVER.—Appeal unanimously dismissed as moot. (Appeal from order of Oneida County Family Court—Social Services Law, § 392.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.

■ PEGGY E. LUTZ, Appellant, v JOHN MICHELS, Respondent.—Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Petitioner appeals from an order of Family Court directing respondent to pay to her only $15 per week for the support of their daughter Deborah. The parties are divorced. At present their 15-year-old daughter, Deborah, resides with petitioner, and their 7-year-old son, Russell, resides with his father, the respondent. Petitioner has remarried and is otherwise unemployed and without income or assets. Respondent remarried in October, 1978, and his wife has two children, five and two years old. In the fall of 1978 respondent was paying to petitioner $10 per week for Deborah's support. In December, 1978 petitioner sought an order in Family Court for modification of a previous court order, and the matter came on for hearing on February 1, 1979. The parties stipulated that Deborah's financial needs exceed $35 per week, but no evidence was presented as to how much more she needs. Respondent testified that he earns $21,307.02 per year, from which Federal, State and Social Security taxes and union dues are deducted, reducing his net earnings to about $14,800 or a little over $285 per week. At the time of the hearing, respondent's wife was employed in a law office but the amount of her earnings was not revealed. She received from her former husband $15 weekly for each of her two children. Prior to respondent's remarriage Deborah also lived with him; and respondent testified that it cost him about $40 weekly for food for her and a like amount for himself, and also for his second wife and her children; but he acknowledged that his wife paid for some of the food. At the time of the hearing respondent's present wife owned a 1979 Chevette automobile, subject to finance charges, and respondent owned a 1978 pickup truck, a camper trailer and a 15-foot fiberglass boat with a 55-horsepower outboard motor. Respondent was in debt with respect to those items. On this appeal counsel have advised us that respondent's second wife has left him and her employment and has gone to Nevada. On this record, Family Court erred in failing to order respondent to pay at least $35 per week for Deborah's support. There being no evidence of her greater need, there is no basis in the record for the court to award more than that amount as now requested by petitioner. In view of the change in the circumstances of respondent since the hearing and the fact that no evidence was adduced as to Deborah's needs beyond the stipulated $35 weekly, the modified order shall provide that it is without prejudice to the presentation of a new petition for further modification of the support provision upon appropriate showing of Deborah's needs and respondent's continuing ability to pay. (Appeal from order of Onondaga County Family Court—support.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.