In re the Marriage of Judith A. TUCKER, Appellant (Petitioner Below),

v.

Frankie L. TUCKER, Appellee (Respondent Below).

No. 1–1279A336.

Court of Appeals of Indiana, First District.

June 26, 1980.

Mark W. McNeely, McNeely & Sanders, Shelbyville, for appellant.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant appeals from an award of increased child support payments in the

amount of $3.80 per week and of attorney's fees in the amount of $100 alleging that both are inadequate.

## FACTS

Judith A. Tucker Goode (Goode) and Frankie L. Tucker (Tucker) were divorced in June 1975, whereupon Goode was awarded custody of the parties' two minor children, Elizabeth, aged 8, and Frankie, Jr., aged 4. Tucker was ordered to pay $30 per week total child support. In August 1976 the support order was modified to $38 per week and, in addition, Tucker was ordered to pay any reasonable medical and dental expenses incurred by the children. At that time Tucker was earning a base pay of $120 per week as an hourly employee of K. T. Corporation. At the time of appellant's petition in this case, however, Tucker was earning $285 per week as a salaried employee of the same corporation. On July 27, 1979, the court ordered an increase in support payments from $38 per week to $41.80 per week and also awarded appellant $100 in attorney's fees.

## ISSUES

Appellant contends that the trial court committed reversible error in three respects:

1. The trial court abused its discretion in modifying the support order from $38 per week to $41.80.
2. The trial court erred in excluding evidence of all financial resources available to Tucker's household.
3. The trial court erred in awarding only $100 in attorney's fees to appellant.

## DISCUSSION AND DECISION

■ We note at the outset that appellee has filed no brief in this case. Therefore, appellant need make only a *prima facie* showing of reversible error in order to upset the trial court's decision. *Jahn v. Jahn,* (1979) Ind.App., 385 N.E.2d 488.

■ On appeal, a modification of a support order pursuant to IC 1971, 31–1–11.5–17 (Burns Code Ed., 1979 Supp.) is reviewable only for abuse of discretion. *Macauley v. Funk,* (1977) Ind.App., 359 N.E.2d 611. Ind. Code 31–1–11.5–17 provides that while orders for child support may be modified, "[s]uch modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." It is clearly an abuse of the trial court's discretion to modify a support order when there has been no showing of changed circumstances so substantial or continuing as to warrant a change in the support order. *Loeb v. Loeb,* (1969) 252 Ind. 96, 245 N.E.2d 831. When the trial court determines that substantial and continuing changes in the circumstances of the parties has occurred so as to warrant a change in the order, however, the amount of the award, is within the sound discretion of the court. *Jahn v. Jahn, supra.* "When confronted with such a petition to modify, the trial court must consider the totality of the circumstances involved in order to ascertain whether the modification is warranted." *Id.,* 385 N.E.2d 488, at 491–492. Ind. Code 31–1–11.5–12 spells out the most obvious factors and circumstances which courts must consider in making an award of child support:

"(1) The financial resources of the custodial parent;

"(2) Standard of living the child would have enjoyed had the marriage not been dissolved;

"(3) Physical or mental condition of the child and his educational needs; and

"(4) Financial resources and needs of the noncustodial parent."

It is only where the result reached is clearly against the logic and effects of the circumstances before the court that an abuse of discretion will be found. *In re Marriage of Osborne,* (1977) Ind.App., 369 N.E.2d 653, *tr. denied.*

■ Under the facts of this case we note that the evidence reveals an increase in the noncustodial parent's resources of over 130%, whereas the increase in support granted was only 10%. During the period under consideration Tucker's income increased from approximately $120 per week

to $285 per week; no unusual or concomitant increase in expenses was shown. We note also that there has been no substantial or continuing change in the income of the custodial parent, although there was evidence of her remarriage which could conceivably result in a substantial and continuing change in her resources. There was also evidence that she had been employed for short periods of time subsequent to the divorce and that she was currently seeking employment. Any references to the custodial parent's earnings or earning ability were not admitted by the trial court. Likewise, evidence as to other financial resources available to the noncustodial parent were not admitted into evidence by the trial court, and appellant alleges this as error. Because appellant failed to make an offer of proof, however, she failed to preserve this issue for appeal. *Gradison v. State,* (1973) 260 Ind. 688, 300 N.E.2d 67. We would point out that the financial resources of both the custodial and noncustodial parent are relevant in child support cases under I.C. 31–1–11.5–12 and certainly should be included in the totality of the circumstances to be considered by the trial court in making an award. *See, Jahn v. Jahn, supra.* We would note further that the evidence revealed that the children at the time of the hearing aged almost twelve and eight had increased physical and educational needs. The daughter, Elizabeth, was about to enter junior high school where she needed to purchase her own books and paper and required more food and larger sized, thus more expensive, clothing than she did when she was three years younger. The son, who had gone from a preschooler

at age 5 to age 8 likewise required greater food and clothing expenses. If we keep in mind also that the court is to give consideration to the "[s]tandard of living the child would have enjoyed had the marriage not been dissolved," then it can hardly be reasonable to infer that a father who more than doubled his weekly pay, or who earned $165 more per week than he did at the time of the prior modification order, and showed no concurrent increase in his expenses would have spent only $1.90 more per week for each of his children's needs. Such a modification seems to us clearly against the logic and effects of the circumstances in this case. Thus, appellant has established a *prima facie* case of reversibility on the issue of the amount of the award of child support.[1]

Appellant contends that the court also erred when it awarded her only $100 in attorney's fees. It is true that I.C. 31–1–11.5–16 provides that the court may "order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter . . . and for attorney's fees." However, the award of attorney's fees is within the sound discretion of the trial court. *Northup v. Northup,* (1972) 154 Ind. App. 469, 290 N.E.2d 501. The trial court may, if it so choses, award less than the full reasonable value of the attorney's services. *In re Marriage of Hirsch,* (1979) Ind.App., 385 N.E.2d 193.

We hold, therefore, that the court's order should be affirmed as to the attorney's fees and reversed as to the support order.

---

1. *See, e. g., Pedersen v. Pedersen,* (1979) 42 Or.App. 387, 600 P.2d 913 (the trial court rejected a mother's request for increased child support where the father paid $100 per month for one child and $75 per month for another even though the father's gross income had increased from $10,000 to $18,555 per year since the last modification but where the father was supporting four children of his second marriage plus two of his wife's minor children from a former marriage; the Oregon Appellate Court, however, modified the lower court's decision to award appellant $125 per child per month) and *Lutz v. Michels,* (1979) 71 App.Div.2d 1061, 420 N.Y.S.2d 812 (the trial court modified a support

order from $10 to $15 per week for respondent's 15-year-old daughter where respondent's net earnings were a little over $285 per week, respondent had custody of the parties' son, had remarried, and respondent's second wife received $15 per week child support for each of her two children, and where petitioner had remarried but otherwise was without assets or income; the New York Appellate Division found error and modified the support order to $35 per week, the parties having stipulated that the daughter's financial needs exceeded this amount, but no evidence having been offered as to how much more than $35 was needed).

Remanded to the trial court for a new hearing on the issue of the award of child support.

ROBERTSON, P. J., and NEAL, J., concur.