**Carolyn S. HAYDEN, Formerly Carolyn S. Hite, Appellant (Petitioner below),**

v.

**David Lee HITE, Appellee (Respondent below).**

**No. 2–981A326.**

Court of Appeals of Indiana, Second District.

July 7, 1982.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, for appellant.

Robert S. Koor, Muncie, for appellee.

SHIELDS, Judge.

The marriage of Carolyn Hite Hayden (Wife) and David Hite (Husband) was dissolved in 1972. Wife was awarded custody of the parties' four children and Husband ordered to pay child support of $60 per week. In 1979 the support order was increased to $100 per week.

On December 24, 1980 Husband filed a petition for change of custody in which he alleged the children were in immediate danger of irreparable harm. Following an *ex parte* hearing held that same day, the court awarded Husband temporary immediate custody of the children and suspended operation of the support order. The court also scheduled the matter for hearing on December 29. Wife was promptly served with a copy of Husband's petition and the order of the court. After a series of continuances, hearings were held on March 25 and April 6, 1981 after which the court took the matter under advisement. On April 22, 1981 the court rendered its final judgment in which it concluded a substantial change in circumstances had not occurred since the dissolution and continued permanent custody with the Wife. Husband was ordered to pay weekly child support of $100 to Wife beginning April 27, 1981. Finally, the court decreed that Husband's duty to support the parties' oldest child, Julie Anne, would cease upon the child's eighteenth birthday. Wife initiated this appeal. She raises the following issues:

1) Whether the trial court erred as a matter of law when it entered the preliminary order suspending Husband's duty to pay child support;

2) Whether the trial court erred in its final order of April 22, 1981 when it retroactively modified the child support order; and

3) Whether the trial court erred when it determined Husband's duty to support the parties' oldest child would terminate on the child's eighteeneth birthday.

Affirmed in part; reversed in part.

I

Wife contends the trial court erred when it suspended Husband's duty to pay child support for the period between December 24, 1980, the date on which temporary custody was granted to Husband, and April 22, 1981, the date on which the court entered its final order continuing permanent custody with the Wife.

Wife does not, for the purposes of this appeal, challenge the validity of the *ex parte* order awarding temporary custody to Husband where it was alleged the children were in immediate danger of irreparable harm. In fact, she concedes "the inherent power of the trial court to grant temporary immediate custody of the parties to . . . him *ex parte.*" Wife does, however, contest the authority of the trial court to suspend the order of support.

Our examination of the record reveals Wife failed to present any evidence which suggests Husband did not continue to make support payments despite the suspension of the support order. Quite to the contrary, during cross-examination, while testifying with regard to another issue in the matter, Wife conceded Husband paid $100 a week through at least March 23, 1981, which is less than one month prior to expiration of the preliminary order suspending Husband's duty to pay support. No mention is made whether Husband also paid weekly installments during the short time between March 23 and April 22, the date on which the court reinstated his duty to make the payments.[1]

Therefore, any error committed by the trial court in suspending the support order would necessarily be harmless unless Husband failed to pay the $100 weekly installments for the month following March 23. However, even assuming Husband did not pay support following March 23, we are unable to conclude the trial court erred as a matter of law when it suspended Husband's duty to make support payments directly to Wife.

The trial court's preliminary order of December 24, 1980 suspending operation of the support order represents a modification of support pursuant to I.C. 31–1–11.5–17 (Burns Code Ed., Repl.1980). A modification of support may be made only upon a showing of changed circumstances so substantial and continuing as to make the terms of the support order unreasonable.

*Tucker v. Tucker,* (1980) Ind.App., 406 N.E.2d 321. When presented with a petition to modify support, the trial court should consider the totality of the circumstances to ascertain whether a modification is warranted. Any modification of the order is reviewable by this court only for an abuse of discretion. *Tucker.* An abuse of discretion occurs only when the trial court's action is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. *Summerlot v. Summerlot,* (1980) Ind.App., 408 N.E.2d 820, 828.

In the present case Wife elects not to challenge the underlying order of December 24, 1980 granting temporary immediate custody of the children to Husband. Therefore, we fail to conceive how the initial order suspending child support could under the circumstances be unreasonable. The granting of temporary custody to Husband represents a significant change in circumstances sufficient to warrant a modification of the support order. In fact, it could be argued the change in custody compelled the modification of support. The purpose of support payments is to provide for support and maintenance of the children and not the spouse. *Franklin v. Franklin,* (1976) 169 Ind.App. 537, 349 N.E.2d 210. When custody was transferred to Husband he still had the duty to provide for the support of the children. However, in order to satisfy such obligation, it was not necessary for him to direct the support payments to Wife because she no longer had custody of the children.

Our courts have upheld modifications of support where at least one of the children no longer resides with the custodial parent. *Franklin; Meehan v. Meehan,* (1981) Ind., 425 N.E.2d 157. In the instant case where the legal custody of the children was transferred from Wife to Husband it was not unreasonable to modify the support order in

---

1. Legal custody was transferred to Husband on December 24, 1980. Physical custody, however, remained with Wife despite Husband's attempt on at least one occasion to obtain physical custody of the children. This evidently explains why Husband continued to make support payments after he was awarded temporary custody of the children.

the manner the court did here. The temporary and impermanent nature of the change in custody is not crucial to our determination. As our supreme court stated in *Meehan*:

"The General Assembly did not require in Ind.Code § 31–1–11.5–17, *supra*, that the "changed circumstances" be permanent in nature, but only that the change be a "continuing" one. Barbara conceded that, as per Megan's desire, the change in her residence was tentatively unlimited in duration. To say that the trial court cannot order a prospective and conditional modification of support in these circumstances clearly defeats the letter and purposes of the statute. Furthermore, it reinforces the conclusion that the equitable dictates of Ind.Code § 31–1–11.5–17(a), *supra*, regarding the modification of support orders must be strictly enforced, regardless of the origin of the terms contained therein."

425 N.E.2d at 162.

Wife also alleges the *ex parte* order of the trial court suspending the support order without affording her notice or the opportunity to be heard violated fundamental notions of due process. We similarly find no merit in this contention.

■ It is a general rule of procedural due process that reasonable notice and an opportunity to be heard is essential before a party can be deprived of the custody or an order of support may be modified. *Mueller v. Mueller*, (1972) 259 Ind. 366, 287 N.E.2d 886. What is reasonable under the circumstances should be determined on a case-by-case basis. *Abell v. Clark City Department of Public Welfare*, (1980) Ind.App., 407 N.E.2d 1209. Due process is perhaps one of the least frozen concepts of our law and must be applied so as to meet the demands of our ever changing society. *Griffin v. Illinois*, (1956) 351 U.S. 12, 20–21, 76 S.Ct. 585, 591, 100 L.Ed. 891. (Frankfurter, J., concurring).

In the present case the court's order transferring custody to Husband and suspending the child support order was temporary in nature; it did not purport to be a final adjudication of the parties' rights. The temporary order transferring custody was a reasonable response to an alleged emergency which Husband claimed placed the children in danger of irreparable harm. Once custody was changed, it was only natural the support order would be modified to reflect the substantial change in circumstances. Moreover, we note the preliminary order contemplated only a temporary interruption of the child support order to be followed by proper notice and a full hearing at which the parties' rights would be fully adjudicated. Toward this end, the court initially scheduled the full hearing to be held within five days of the temporary order so as to cause only the slightest potential interruption.[2] We thus conclude the preliminary order suspending the child support order did not violate Wife's due process rights. *See Page v. Sherill*, (1967) Tex., 415 S.W.2d 642.

## II

Wife next contends the trial court erred in its final order of April 22, 1981 when it did not order Husband to pay support for the interim period between December 24, 1980, when the support order was suspended, and April 22, 1981, when final judgment was entered. She contends the court's April 22 order represented a forgiveness of support payments which had already accrued. We disagree.

■■ It is true in Indiana after support installments have accrued the trial court in most instances is without power to reduce or vacate the support order retroactively. *Whitman v. Whitman*, (1980) Ind.App., 405 N.E.2d 608. *But see Isler v. Isler*, (1981) Ind.App., 425 N.E.2d 667. Indiana does, of course, permit modifications which operate prospectively, *i.e.*, cancellation or modifications of future support payments.

**2.** Unfortunately a series of unavoidable continuances, at least one of which was requested by

Wife, delayed the final hearing.

Here, the December 24, 1980 preliminary order suspending the support order operated prospectively. Husband was only forgiven of his duty to make future payments to Wife—installments which would have accrued subsequent to December 24. During the period between December 24, 1980 and April 22, 1981 Husband was not obligated to pay support installments to Wife. Hence, we fail to find merit in Wife's assertion that the April 22 order constituted a retroactive modification of support installments which had accrued.

It is true, as Wife points out, the court in its April 22 order concluded there had been no substantial change in circumstances since the date of dissolution and granted Wife permanent custody of the children and reinstated the support order. This conclusion, however, does not vitiate the effectiveness or the validity of the preliminary order which determined the children may be in danger of immediate harm, transferred custody to Husband, and suspended the child support order. Because the children were legally in custody of Husband between December 24 and April 22, the suspension of the support order was proper and no support installments accrued during the period in question.

We therefore conclude the trial court did not err when it entered its final order on April 22, 1981.

### III

Wife next contends the trial court erred as a matter of law when it held Husband's duty to support the parties' oldest child, Julie Anne, lasts only until the child's eighteenth birthday.

According to I.C. 31–1–11.5–12, the duty to support a child lasts until the child's twenty-first birthday unless the child becomes emancipated at an earlier date. What constitutes emancipation is a question of law; however, whether there has been an emancipation is a question of fact. *Brokaw v. Brokaw*, (1980) Ind.App., 398 N.E.2d 1385. Emancipation is never presumed, but must be established by the evidence. *Brokaw*, 398 N.E.2d at 1388.[3]

In the present case there is no evidence which supports a finding Julie Anne was or would be emancipated at age eighteen. She lived at home with her mother and stepfather and at the time of the hearing was unemployed. While Julie Anne dropped out of high school prior to graduation, she recently enrolled in evening classes at a local career center and had once again begun work toward her high school degree.

We thus conclude the trial court erred as a matter of law when it terminated Husband's duty to support the parties' oldest child on the child's eighteenth birthday without a determination she was in fact then emancipated. Therefore, we reverse on this issue. In all other respects we affirm the court's judgment.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

**3.** The court, in the present case, entered an *undivided* support order of $100 per week for support of the parties' four children. Thus, even if we were to determine the parties' oldest daughter was emancipated, Husband would still be obligated to make payments in the amount specified by the court unless he obtained a modification of the decree. Although the duty to support an individual child terminates when the child becomes emancipated, where there is an undivided support order for several children the obligated parent is not allowed to arbitrarily reduce payments but should petition the court for modification of the order. *Ross v. Ross*, (1979) Ind.App., 397 N.E.2d 1066.