Donna D. HILAND, Appellant
(Petitioner Below),

v.

Jim W. HILAND, Appellee
(Respondent Below).

No. 3–1083A325.

Court of Appeals of Indiana,
Third District.

Aug. 29, 1984.

Rehearing Denied Nov. 9, 1984.

---

Cynthia S. Gillard, Randall G. Hesser, Church, Warrick, Weaver, Boyn & Nilsson, Elkhart, for appellant.

William R. Long, Gildea, Long & Frechette, P.C., Elkhart, for appellee.

STATON, Presiding Judge.

The dissolution decree of Jim and Donna Hiland granted to Donna the custody of the three Hiland children and among other things, required Jim to pay thirty dollars ($30.00) per week for child support with the right to claim the children as income tax exemptions. Subsequent modifications of the decree included a raise in child support to seventy dollars ($70.00) per week. Six months after this modification Donna requested a modification of the dissolution decree to allow her the right to claim the children as exemptions. After hearing arguments from both parties, the trial court chose not to hear Donna's testimony before denying her petition. On appeal, Donna contends the trial court abused its discretion in not hearing her testimony which allegedly would have revealed a substantial change in the circumstances warranting a modification.[1]

Affirmed.

In a dissolution case, the trial courts are vested with the jurisdiction to determine as part of the custody and support issues which parent is to receive the right to claim the children as tax exemptions. *Morphew v. Morphew* (1981), Ind.App., 419 N.E.2d 770, 775. This is in keeping with I.R.C. § 152(e)(2);

"(2) Special rule.—The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or

(B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for each of such children) for the calendar year, and

(ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.

For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support."

*Id.* This section provides two means by which a noncustodial parent may acquire the right to claim his children as tax exemptions. *Jahn v. Jahn* (1979), 179 Ind. App. 368, 385 N.E.2d 488, 491.

The noncustodial parent may claim his children as tax exemptions pursuant to subsection A if he was awarded the exemption under the dissolution decree and if he pays at least six hundred dollars ($600.00) per year in child support. To qualify for tax exemptions under subsection B, the noncustodial parent must pay at least twelve hundred dollars ($1200.00) per year per child; this is sufficient only if the custodial parent failed to show that he provided more support than the noncustodial parent during

---

**1.** Although other arguments were presented on appeal, our disposition of the case does not warrant that we address each one.

the same calendar year. Therefore it is clear that the right to claim tax exemptions is dependent on the amount of support payments made by the noncustodial parent.

■ This principle is further supported by the general rule that during the minority of the child the trial court has continuing jurisdiction and power to order modifications of child support. *Brokaw v. Brokaw* (1980), Ind.App., 398 N.E.2d 1385, 1388. Such jurisdiction and power inherently continues for modification of matters related to and affected by child support; this includes the right to claim children as tax exemptions. Because the power to grant tax exemptions is related to the power to determine support payments, a modification of the dissolution decree with respect to tax exemptions is governed by the same standard of review. *See Morphew, supra* at 775–776.

The standard of review for modification of a support order has been often stated as follows:

"On appeal, a modification of a support order pursuant to IC 1971, 31–1–11.5–17 (Burns Code Ed., 1979 Supp.) is reviewable only for abuse of discretion."

*Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321, 323.

"Ind. Code 31–1–11.5–17 provides that while orders for child support may be modified, '[s]uch modifications shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.' It is clearly an abuse of the trial court's discretion to modify a support order when there has been no showing of changed circumstances so substantial or continuing as to warrant a change in the support order... When the trial court determines that substantial and continuing changes in the circumstances of the parties has occurred so as to warrant a change in the order, however, the amount of the award, is within the sound discretion of the court. *Jahn v. Jahn, supra.*

" 'When confronted with such a petition to modify, the trial court must consider the totality of the circumstances involved in order to ascertain whether the modification is warranted.' " *Id.* (Citations omitted.)

Among other factors, Ind. Code 31–1–11.5–12 (1983–84 Supp.) provides that an obvious factor which trial courts must consider in making an award of child support is

"(1) The financial resources of the custodial parent."

*Id.*

"It is only where the result reached is clearly against the logic and effects of the circumstances before the court that an abuse of discretion will be found."

*Tucker, supra* at 323.

■ In this case, the trial court held a hearing on Donna's petition to modify the dissolution decree to the extent of the tax exemption issue. Donna contends that the trial court's decision not to hear her testimony about the alleged substantial change in her financial status was an abuse of its discretion. We agree that financial resources of both custodial and noncustodial parents are relevant in child support modification determinations and should be included in the totality of the circumstances to be considered in making an award. *Tucker, supra* at 324. However, Donna's contention must fail for two reasons. First, she failed to make an offer to prove that her testimony would have shown a substantial change in circumstances as required by IC 31–1–11.5–17. *See Tucker, supra* at 324. Second, the record fails to disclose an objection at the time of the hearing when the trial court chose not to hear Donna's testimony.

■ Even if we were to agree with Donna that she should have been able to testify, the trial court did hear arguments from both sides before denying Donna's modification request:

"Comes now the Wife, by counsel, and submits her Statement of Proceedings Not Reported, pursuant to Appellate Rule 7.2(A)(3)(c), which statement reads as follows:

[H.I.]

And the Court being duly advised and after due consideration of the relevant facts, and it appearing that good and sufficient reason is shown,

IT IS THEREFORE ORDERED, that the following be made a part of the record of proceedings of the hearing in said Cause No. 50065 which was held on June 3, 1983. ·

Counsel for the Wife represented to the Court that the oldest of the Parties' children was eleven years old; that the Wife incurred increased child care expenses during the summer months; that the Wife was providing medical insurance for the children; that the Wife was employed; that the Wife provided more than half of the children's support; that the Wife's income had increased substantially; and that the Wife was prepared to testify to these matters.

Upon ascertaining from counsel that the Husband was paying Seventy Dollars ($70) per week in child support, the Court said that the Husband should be entitled to claim all three children as dependents for income tax purposes. The Court said that this would be its 'rule in 99.9% of the cases.' The Court further indicated that this was so regardless of· anything the Wife might show.

The Court then made the following entry: 'Cause coming on for hearing. Both parties appear in person and by counsel. The Court having heard arguments on the petition, denies the petition.'

SO ORDERED.

s/ Donald W. Jones
Judge, Elkhart Superior Court"

Even though it is a general rule of procedural due process that reasonable notice and an opportunity to be heard is essential before a support award may be modified, what is reasonable under the circumstances is a case-by-case determination. *Hayden v.*

*Hite* (1982), Ind.App., 437 N.E.2d 133, 136. The circumstances in this case do not warrant a finding that the trial court abused its discretion in denying the petition without hearing specifically from Donna. As long as Jim met the requirement of subsection A of the I.R.C. he was entitled to claim his children as tax exemptions regardless of Donna's increased income. *Jahn, supra*, 385 N.E.2d at 491.[2]

Affirmed.

NEAL, P.J., and CONOVER, J. (by designation), concur.

---

**2.** There was no contention that Jim did not meet either requirement of subsection A of

I.R.C. 152(e)(2). Therefore, we will presume that he did.