■ In the Matter of Josef Schmidt, Appellant, v Diane Schwartz, Respondent.—Harvey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 14, 1984, which, in a proceeding pursuant to Family Court Act article 4, directed petitioner to pay $50 per week for child support and to pay respondent $1,500 in arrears.

The parties are the divorced parents of two children presently 15 and 13 years of age. Prior to the divorce, they entered into a separation agreement establishing joint custody of the two children and no provision for their support. It is undisputed that respondent sought no contribution for child support even though it was anticipated that both children would reside with her most of the time. However, she reserved the right to petition Family Court in the future for such contribution. Thereafter, one child spent most of his time with respondent and the other child spent about one half of her time with respondent.

Precisely what brought it about is not clear, but in March 1984, petitioner commenced a proceeding in Family Court seeking custody of at least one of the children as well as support from respondent. Respondent cross-petitioned for custody and support of both children. The matter of custody was resolved by agreement between the parties by which custody, for all practical purposes, was granted to respondent. After a hearing on the issue of support, Family Court found that petitioner was capable of paying child support in the amount of $25 per week per child. Petitioner was further ordered to pay $1,500 representing support accrued from the date of the petition. Petitioner appeals.

Petitioner's reasons for objecting to the order are somewhat indistinct. His claim of a contractual right dating back to the separation agreement, purportedly excusing him from supporting his children, is negated by the express reservation permitting respondent to seek a court order for such support. His claim that the award is excessive has no basis in the record. He is 43 years of age, a college graduate and appar-

ently in good health. Of his own free will he is enrolled as a student in a community college with the result that he is only able to accept part-time employment. He is the owner of a home having an equity of more than $30,000. His net weekly earnings apparently average out to be approximately $135.

Respondent has remarried. She was formerly employed full time as an associate professor at Ithaca College. At the time of the hearing, she was pregnant and had to diminish her work schedule to the point of having gross annual earnings of $12,750.

Petitioner has the obligation to provide support for his children where he has the means to do so *(Matter of Halstead v Halstead,* 97 AD2d 588; *Connolly v Connolly,* 83 AD2d 136, *appeal dismissed* 55 NY2d 1037). The parties had been separated for a period in excess of four years at the time of the Family Court hearing and petitioner had never made any regular support payments to respondent. Despite his status as a student, the record supports the view that petitioner can afford to contribute to the support of his two children in the amount of $50 a week *(see, Lutz v Michels,* 71 AD2d 1061).

Order affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.