In re the MARRIAGE OF Marvin R. WILSON, Appellant (Respondent Below),

**and**

Connie S. Wilson, Appellee (Petitioner Below).

No. 02A03–8604–CV–00120.

Court of Appeals of Indiana, Third District.

Dec. 24, 1986.

Michael T. Yates, Latrielalle Wheat, Torborg, Miller, Moss, Harris & Yates, Fort Wayne, for appellant.

John F. Surbeck, Jr., Fort Wayne, for appellee.

STATON, Presiding Judge.

In his appeal, Marvin Wilson (Marvin) requests us to review a judgment finding him in contempt, ordering him to pay $2,615.00 in child support arrearages, and $66.00 per week in child support payments.

Specifically, the issues we must address are as follows:

(1) Whether a 1981 court order setting child support at $66.00 per week, which was modified by a 1982 order to pay only $30.00 per week while unemployed, was revived when the party was re-employed;

(2) Whether the trial court abused its discretion by finding Marvin in contempt; and

(3) Whether the trial court's order to pay $66.00 per week for child support was unreasonable in light of a voluntary change of employment which resulted in a salary decrease.

Affirmed.

## I.

### *Facts*

In 1978, Marvin's marriage to Connie Wilson (Connie) was dissolved. At that time, Marvin was ordered to pay $50.00 per week for child support. That amount was subsequently increased to $66.00 per week by the trial court.

In 1982, Marvin was laid off from his job, and he petitioned the trial court to reduce his child support payments. In an order dated August 23, 1982, the trial court reduced the amount of child support to $30.00 per week while Marvin was laid off. The trial court also ordered Marvin to notify Connie's attorney when he became gainfully employed.

Marvin paid the $30.00 per week child support, and in May, 1983, he returned to his former job. From September 1983 thru June 1985, Marvin paid $240.00 per month in support, missing only two monthly payments during that time.[1] He also contacted Connie's attorney to negotiate a new support agreement, but no agreement was

---

1. During cross-examination, Marvin acknowledged that by paying his support monthly (4 times the weekly amount = 48 payments) he was 4 weeks short of his yearly obligation.

ever submitted to the trial court for approval.

In January 1984, Marvin left his job to become a truck driver. This change resulted in a decrease in his net salary.

In November of 1985, Marvin filed a document denominated "Verified Petition to Determine Support and Amount of Arrearage." Next, Connie filed a "Verified Information in Contempt," alleging that Marvin was delinquent in child support payments and medical payments.[2]

Following a hearing, the trial court's judgment was as follows:

The Court finds that Respondent became re-employed on May 2, 1983; that no subsequent proceedings were held to modify the support order in effect prior to August 23, 1982; that the intent of the support modification on August 23, 1982 was to reflect the temporary nature of Respondent's lay-off; that the support order became Sixty-Six Dollars ($66.00) per week as of May 2, 1983 without further Court action; that Respondent is in arrears on support in the sum of Two Thousand Six Hundred Fifteen Dollars ($2,615.00) as of January 10, 1986; that Respondent is earning net income of Three Hundred Twenty-Five Dollars ($325.00) per week; that Respondent voluntarily left said employment and reduced his income; that such change is not so substantial and continuing as to make the existing support order of Sixty-Six Dollars ($66.00) per week unreasonable; and that Respondent is in contempt.

R. 57–58.

## II.

### August 23rd Order

It is a general rule of procedural due process that reasonable notice and an opportunity to be heard is essential before an order of support may be modified. *Hayden v. Hite* (1982), Ind.App., 437 N.E.2d

2. Connie contends that pursuant to the Decree of Dissolution, Marvin is to pay the child's medical expenses over $50.00 per year. She claims

133, 136. Marvin's argument is that there has been no modification in the amount of support since the trial court set it at $30.00 per week. Marvin concludes that absent another modification procedure by the trial court, the amount of support he must pay remains at $30.00.

■ While it is true that reasonable notice and an opportunity to be heard is essential before a support award may be modified, this court has held that what is reasonable under the circumstances should be determined on a case by case basis. *Hiland v. Hiland* (1984), Ind.App., 467 N.E.2d 1253, 1256, *trans. den; Hayden, supra*, 437 N.E.2d at 136.

In the instant case, the trial court stated that the intent of its modification on August 23, 1982, was to reduce the amount of support Marvin would have to pay while he was temporarily laid-off from his job. The trial court also intended that when Marvin was re-employed, his support obligation would return to $66.00 per week without further court action. R. 57.

The trial court's order, in effect, suspended Marvin's obligation to pay $66.00 per week by providing that he would only have to pay $30.00 per week *while he was laid off.* This was a reasonable response to Marvin's unemployment situation, and it anticipated a return to the status quo when he was called back to work. When Marvin became employed again, it would only be natural that the support order would again be modified to reflect Marvin's changed financial circumstances.

In fact, Marvin went back to work at his old job on May 2, 1983. Thereafter, pursuant to the August 23rd modification order, Marvin notified Connie's attorney about his changed circumstances. Too, he increased his child support payments. Although he did not pay the full $66.00 per week ($286.00 per month), in June 1983, and from September 1983 through June 1985, Marvin did pay $240.00 per month. Marvin now

that Marvin has refused to pay medical expenses according to the decree.

claims that he believed that he was only obligated to pay $30.00 per week ($120.00 per month), and that the excess amount was a gift.

Although our research has not revealed an Indiana case which is exactly on point, there are two cases which are instructive. In *Hayden, supra,* 437 N.E.2d at 136, an order suspending child support obligations without a hearing was upheld because of its temporary nature. There, pursuant to a preliminary order by the trial court, a husband was not required to pay child support because he received custody of his child due to an alleged emergency situation. The reviewing court determined that there was no due process problem because a full hearing was to be held within five days of the preliminary order causing only the slightest potential interruption until the matter could be adjudicated.

The instant case is like *Hayden* in that Marvin's obligation to pay the "full amount" of child support was temporarily suspended while he was laid off. When he returned to work, Marvin's temporary relief ended, and his obligation to pay the "full amount" was reinstated. The August 23rd order which accomplished this did not require any action by the trial court when Marvin returned to work because presumably his circumstances would be as they were before the lay-off. If Marvin's circumstances were different, nothing would prevent him from petitioning for a modification. Thus, the August 23rd order anticipating Marvin's re-employment and return to pre-layoff circumstances resulted in the slightest potential interruption of the full amount of support to which Marvin's child is entitled.

In *Herron v. Herron* (1983), Ind.App., 457 N.E.2d 564, 570 (Young, J., dissenting), it was noted that when trial courts determine support payment questions, our state legislature intended the best interests of the child to be the prime consideration. In *Herron,* an "escalator clause," which provided for an adjustment in support payments without a judicial showing of changed circumstances, was approved.

Justifications for that approval were as follows:

> [It] (1) gives due regard to the actual needs of the child, (2) uses readily obtainable objective information, (3) requires only a simple calculation, (4) results in judicial economy, (5) reduces expenses for attorney fees, and (6) in no way infringes upon the rights of either the custodial parent or the noncustodial parent to petition the court for modification of the decree due to a substantial and continuing change of circumstances.

*Id.* (quoting *Branstad v. Branstad* (1980), Ind.App., 400 N.E.2d 167, 171).

The above factors apply equally to the instant case. The trial court's temporary provision lowering Marvin's support payments while he was unemployed provided benefits to the child, the parties and the court.

■ Thus, it is our conclusion that the clear intent of the August 23rd order merely suspended Marvin's responsibility to pay the "full amount" of child support, and that when he was recalled to work, there was no reason for Marvin not to pay the "full amount". The trial court's order provided Marvin with reasonable notice that the "full amount" was due, and his claim that a judicial determination of changed circumstances was necessary after he returned to his job is without merit. At all times when Marvin was negotiating with Connie over the amount of support, he was free to petition the court for a modification, which he finally did in November, 1985.

■ Since we have concluded that Marvin was obligated to pay the "full amount" of child support when he returned to work, the trial court's action of finding him in contempt must also be affirmed. IC 31–1–11.5–17(a) provides that dissolution decree orders may be enforced by the court's contempt powers, and we will not reverse such a finding absent abuse of discretion. *Walaschek & Assoc., Inc. v. Crow* (7th Cir.1984), 733 F.2d 51, 53. In our review of Marvin's contempt judgment,

we will not reweigh evidence or judge witness credibility. We will, however, draw every reasonable inference in favor of the trial court's decision. *Funk v. Macaulay* (1983), Ind.App., 457 N.E.2d 223, 230. Whether or not Marvin willfully and intentionally disobeyed a court order was a question of fact for the trial court. Given that the trial court's order was not unclear, and that Marvin substantially overpaid what he claimed was his $30.00 per week support obligation, there exists a reasonable inference to support the trial court's judgment. Since the result reached in the instant case is not clearly against the logic and effects of the circumstances before the court, we do not determine that the trial court abused its discretion. *Hiland, supra,* 467 N.E.2d at 1255.

### III.

*January 16th Order*

In November 1985, Marvin petitioned the trial court to determine support in light of the fact that he had changed jobs and reduced the amount of his income. A hearing was held and the trial court found that Marvin's change in job and income was not so substantial and continuing as to make the existing support order unreasonable. The trial court also found that Marvin voluntarily left his old job and reduced his income. *Gerber v. Gerber* (1985), Ind.App., 476 N.E.2d 531.

Marvin argues that the trial court abused its discretion by not finding a sufficient change in circumstances because his income has decreased from approximately $325.00 per week to an average of $115.00 per week. In this instance, our role as a reviewing court is not to determine whether or not we would have reached the same result as did the trial court, rather we determine only if the result reached by the trial court is clearly against the logic and effect of the circumstances before the court. *Hiland, supra,* 467 N.E.2d at 1255. Since we cannot conclude that the trial court's result was clearly erroneous or contrary to law, it must be affirmed.

HOFFMAN and GARRARD, JJ., concur.