**Virginia WHITE, Appellant–Petitioner,**

v.

**Crystal Darnette WHITE and Jeffrey Allen Small, Appellees–Respondents.**

No. 71A04–0303–JV–101.

Court of Appeals of Indiana.

Sept. 29, 2003.

---

David N. Kessler, Indiana Legal Services, Inc., South Bend, IN, Attorney for Appellant.

## OPINION

MAY, Judge.

Virginia White ("Guardian") appeals the trial court's denial of her motion to correct error. She raises two issues, which we consolidate and restate as whether the trial court committed reversible error when it denied Guardian's motion to correct error because the court should have found an enforceable support order was in effect between September 3, 1997 and October 28, 2002. We reverse the denial of Guardian's motion.

## FACTS AND PROCEDURAL HISTORY

Crystal White ("Mother") and Jeffrey Small ("Father"), who never married, have a son, P.S. Guardian is P.S.'s great-grandmother. On February 8, 1991, the trial court appointed Guardian as the legal guardian of P.S. in a guardianship proceeding with the cause number 71J01–9101–GU–00007 (hereinafter "GU–7"). On March 26, 1992, pursuant to a paternity and support proceeding under cause number 71J01–8911–JP–00767 (hereinafter "JP–767"), the trial court found Father to be P.S.'s father and ordered him to pay

support. On May 9, 1997, in JP–767, the trial court ordered Father's child support payments be sent to Guardian.

On September 3, 1997, in GU–7, Mother and Father filed a Petition to Terminate Guardianship Proceedings, in which they alleged Guardian was in a nursing home and unable to care for P.S. Guardian was not given notice of that petition. Without a hearing, the trial court terminated the guardianship the day the motion was filed and entered its order in GU–7.

Also on September 3, 1997, in JP–767, Mother and Father filed a Stipulation and Agreement asking the trial court to terminate the support order requiring Father to pay Guardian because the guardianship was terminated and Mother and Father would thereafter have custody of P.S. That day, the court entered an order in JP–767 giving custody of P.S. to Father and vacating the support order immediately.

On October 3, 1997, in GU–7, Guardian timely filed a motion to correct error asking the trial court to vacate the order terminating her guardianship of P.S. On November 17, 1997, the court granted Guardian's motion to correct error and vacated the order terminating her guardianship. However, the court allowed Father to file a new petition to terminate the guardianship and required Father to give Guardian notice of the new petition. On January 14, 2000, the Court dismissed Father's petition to terminate the guardianship because Father had failed to respond to interrogatories.

On October 24, 2001, a deputy prosecutor filed an information in JP–767 alleging Father had failed to pay $15,420 in child support. The court required Father to show cause why he had not paid. On October 28, 2002, the court ruled that Father was not behind in child support because no child support order had been in

existence in JP–767 since September 3, 1997, when the trial court approved the Stipulation and Agreement, gave custody of P.S. to Father, and vacated the support order. Also in its October 28th order, the trial court ordered Father and Mother to pay support from that day forward.

On November 26, 2002, Guardian filed a motion to correct error in both JP–767 and GU–7 in which she claimed the trial court erred when it found that no support order existed between September 3, 1997 and October 28, 2002. After a hearing, the trial court denied Guardian's motion. It is from that denial that Guardian appeals.

## DISCUSSION AND DECISION

■■■ A trial court has broad discretion when granting or denying a motion to correct error. *Dughaish ex rel. Dughaish v. Cobb*, 729 N.E.2d 159, 167 (Ind.Ct.App. 2000), *trans. denied* 753 N.E.2d 2 (Ind. 2001). We will reverse its decision only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances, or reasonable inferences therefrom, that were before the court, or if the trial court's decision "is without reason or is based upon impermissible reasons or considerations." *Id.*

■■■ However, when an appellee fails to submit a brief, our standard of review is relaxed because we will not assume the responsibility of developing arguments for the appellee. *In re Paternity of B.D.D.*, 779 N.E.2d 9, 13 (Ind.Ct.App.2002). We do not apply the typical standard of review. *Id.* Instead, we review the trial court's decision for *"prima facie* error." *Id. Prima facie*, in this context, means at first glance or on the face of it. *Id.* Consequently, we review for *prima facie* error

the trial court's denial of Guardian's motion.

Guardian claims the trial court erred by denying her motion to correct error because the court should have found an enforceable support order was in effect between September 3, 1997 and October 28, 2002. To find a valid support order was in effect after September 3, 1997, the court had to find void its order of September 3, 1997, which transferred custody of P.S. to Father and terminated Father's support obligation. According to Guardian, that order was void, Father's obligation to pay child support continued pursuant to the court's order of March 26, 1992, and Guardian should have continued to receive the support payments pursuant to the court's order of May 9, 1997.

We note that Guardian did not directly challenge the trial court's September 3, 1997 order in JP–767 that she now wants set aside.[1] Guardian's failure to file a motion to correct error or a praecipe with-

in thirty days of September 3, 1997 resulted in waiver of her right to directly challenge the trial court's order. *See* Ind. Trial Rule 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment or an appealable final order."); Ind. Appellate Rule 2 (1993) ("The praecipe shall be filed within thirty (30) days after the entry of a final judgment.... Unless the praecipe is filed within such time period, the right to appeal will be forfeited."). Accordingly, the order terminating Father's support obligation is presumed valid and enforceable, *see In re Chapman*, 466 N.E.2d 777, 780 (Ind.Ct. App.1984) ("the judgment of a court of general jurisdiction is presumed valid until set aside"), *reh'g denied, trans. denied* (Ind.1985), and, therefore, no support order was in effect after September 3, 1997.

■ Nevertheless, Guardian claims we should allow her to attack,[2] and we

---

1. We are puzzled by Guardian's failure to directly challenge this order in JP–767, given she timely filed a motion to correct error in GU–7 to challenge the trial court's termination of her guardianship over P.S. and in light of the fact the action by Mother and Father in GU–7 coincided with the termination of support payments.

2. To attack a prior judgment in the court of general jurisdiction that issued the judgment, a party should file a motion for relief from judgment under T.R. 60. T.R. 60(B)(6) provides:

   On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: ... (6) the judgment is void.... The motion shall be filed within a reasonable time.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court .... the procedure for obtaining any relief from judgment shall be by

   motion as prescribed in these rules or by an independent action.

   We note that Guardian did not file in JP–767 a motion for relief from judgment pursuant to T.R. 60(B)(6). Rather, she filed a motion to correct error in a subsequent proceeding in JP–767. However, her motion to correct error essentially asserted that she should be relieved from the court's prior judgment because it was improperly procured by Mother and Father, and the trial court found that she should not be relieved from the effect of its prior judgment. To the extent Guardian's failure to file a motion under T.R. 60 produces procedural irregularity, we note that dismissing this appeal on procedural grounds would result in Guardian merely returning to the trial court to file a motion under T.R. 60(B)(6) to contest the validity of the trial court's September 3, 1997 order. Therefore, to promote judicial economy, we construe Guardian's motion to correct error as a motion for relief for judgment and address Guardian's arguments on the merits.

should find void,[3] the court's order of September 3, 1997 that terminated Father's support obligation. Guardian argues that order is void because Guardian was not given notice of the Stipulation and Agreement filed in JP–767 by Mother and Father that caused the trial court to give custody of P.S. to Father and to terminate Father's support obligation.[4] We agree.

As we explained some years ago:

It is a general rule of procedural due process that reasonable notice and an opportunity to be heard is essential before a party can be deprived of the custody or an order of support may be modified. What is reasonable under the circumstances should be determined on a case-by-case basis. Due process is perhaps one of the least frozen concepts of our law and must be applied so as to meet the demands of our ever changing society.

*Hayden v. Hite*, 437 N.E.2d 133, 136 (Ind. Ct.App.1982) (citations omitted).

In *In re C.B.*, 616 N.E.2d 763, 765 (Ind. Ct.App.1993), this court considered whether a trial court's order requiring a child to be returned to Indianapolis from Tennessee was erroneous. The child had been living with her aunt and uncle in Tennessee for eight years. The court ordered the child moved to Indianapolis so the court could determine whether it was in her best interest to stay in Tennessee with her relatives or to be returned to the custody of her mother, who had recently been released from prison after serving a sentence for the voluntary manslaughter of C.B.'s younger sister. We held:

Although the Marion County Court clearly had jurisdiction over C.B. and the custody determination, we must address an issue not raised by either party. We find no indication in the record that the Joneses received notice of any of the hearings conducted by the Marion County Court. As this is a CHINS [child in need of services] proceeding, the Marion County Court was bound by the requirements of the CHINS statute. The court may modify any dispositional decree while it retains jurisdiction. I.C. 31–6–7–16. However, under I.C. 31–6–4–15.3(g), the court is required to advise the child and the child's parent, guardian or custodian of any modification procedures. Notice to those who have physical custody of the child, as well as proof of service, is also required pursuant to the UCCJA. I.C. 31–1–11.6–4 and 5.

Notice to those who have physical custody of the child is particularly important. The Marion County Court here stated that it believed C.B.'s presence in Indiana was required to assess her best interest. However, the Joneses, who

---

3. A void judgment "from its inception, is a complete nullity and without legal effect." *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind.1998) (quoting 46 Am.Jur.2d *Judgments* § 31 (1994)). "By contrast, a voidable judgment 'is not a nullity, and is capable of confirmation or ratification. Until superseded, reversed, or vacated it is binding, enforceable, and has all the ordinary attributes and consequences of a valid judgment.' " *Id.* (quoting 46 Am.Jur.2d *Judgments* § 30 (1994)).

A judgment is void if it is rendered without due process. *Id.* "Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction

of the court." *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). "[A] judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time" under Trial Rule 60(B)(6). *Id.* at 1156.

4. Guardian also argues the order is invalid because it violates public policy and because it was "automatically vacated" when the trial court vacated the order in GU–7 that terminated the guardianship. Because we reverse based on Guardian's first argument, we need not address her other arguments.

have acted as C.B.'s parents since 1985, could provide the court with essential information relevant to its determination, such as C.B.'s school records, information about her relationships with friends and family in Memphis, as well as information on her day to day life. This information may have been sufficient for the court without uprooting C.B. from the only home she has known for the past eight years to bring her to Indianapolis where she faces an uncertain future. Further, there may have been a reason why the Joneses did not seek guardianship sooner. However, because they did not receive notice, they were not given an opportunity to present it to the court.

As notice is required both under the CHINS statute as well as the UCCJA, we hold that the Marion County Court's modifications of the dispositional decree ordering C.B. to be returned to Indianapolis are invalid.

*Id.* at 769–70.

In *C.B.,* the custody and support determinations occurred pursuant to the CHINS statutes and the UCCJA, which explicitly require notice of a pending proceeding be given to a guardian. *See id.* Herein, the custody and support determinations occurred pursuant to the paternity statutes, which provide: "The child, the child's mother, and each person alleged to be the father are necessary parties to each action." Ind.Code § 31–14–5–6. Accordingly, a strict reading of the notice provisions of the paternity statutes did not require notice be sent to Guardian before the court issued judgment in the paternity proceeding.

Moreover, we acknowledge our supreme court has held the failure to name a child in a paternity action results in a judgment that is voidable, not void. *K.S. v. R.S.,* 669 N.E.2d 399 (Ind.1996). Consequently, the failure by Mother and Father in this case to give notice to P.S. renders the judgment herein only voidable. However, for the reasons discussed below, we believe a guardian is in a situation distinguishable from a child without a guardian, who presumably lives with the mother or father who must be given notice. The court's judgment is therefore void if notice was not sent to Guardian.

First, before the trial court can modify custody of a child subsequent to a paternity determination, the court must find:

(1) modification is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors that the court may consider under section 2 of this chapter.

Ind.Code § 31–14–13–6 (1997). Section 2 of that chapter provides:

The court shall determine custody in accordance with the best interests of the child. In determining the child's best interests, there is not a presumption favoring either parent. The court shall consider all relevant factors, including the following:

(1) The age and sex of the child.

(2) The wishes of the child's parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic violence by either parent.

Ind.Code § 31–14–13–2 (1997). As we noted in *C.B.*, the only party who can give the trial court information on the child's day-to-day life, and many of the factors the court must consider, is the party with whom the child resides. *See C.B.*, 616 N.E.2d at 769–70. Accordingly, we fail to see how a trial court could properly adjudicate a custody issue without hearing from a guardian.

Second, in *Hayden*, we held that a wife's procedural due process right to notice of a petition to transfer custody and suspend child support was not violated because the order was not a final adjudication. *Hayden*, 437 N.E.2d at 136. Rather, the judgment was temporary in nature and involved "only a temporary interruption of the child support order to be followed by proper notice and a full hearing at which the parties' rights would be fully adjudicated." *Id.* Here, however, the trial court entered a permanent change of custody and modification of support without notice to Guardian of such petition.

Finally, in *K.S.*, when the supreme court held merely voidable a judgment rendered without notice given to the child, one of the reasons the court cited to support its decision was that the judgment is "not *res judicata.*" *K.S.*, 669 N.E.2d at 405. Rather, "the child would later be free to litigate any issues with respect to the child's interests." *Id.* Here, however, it is not clear that Guardian later could assert her right to the support money from Father.

■ Despite the paternity statutes' failure to require notice be given to the guardian of a child about whom a paternity determination has been made before the court enters a judgment modifying the custody or support of that child, we believe a judgment rendered without notice to a guardian violates the guardian's right to procedural due process. Due process requires "reasonable notice and an opportunity to be heard" before custody can be amended or support can be modified. *Hayden*, 437 N.E.2d at 136. A trial court in this circumstance could not possibly render a valid judgment without input from a guardian, and a guardian has no procedure by which to later protect her right to custody and support for the child. Clearly, if the same procedure had been followed to deprive a father or mother of custody or support, we would hold that due process had not been provided. Accordingly, we hold that Guardian's right to due process was violated.

Because Guardian was not notified of the petition to change custody and terminate support, the September 3, 1997 order that terminated Father's responsibility to pay child support was void. Guardian has demonstrated *prima facie* error, and the trial court erred when it refused to grant Guardian's motion to correct error.

Reversed.

DARDEN and VAIDIK, JJ., concur.